## ANDREW CARLAND *vs.* GILBERT F. YOUNG.

Suffolk.    November 15, 1875.    WELLS & ENDICOTT, JJ., absent.

In an action to recover for personal injuries sustained by a man by being struck by a wagon while crossing a street in a city, at eleven o'clock in the forenoon, it appeared that the street was sixteen feet wide, and that a person could see the whole length of the street. The plaintiff testified that his eyesight was good; that he looked and did not see the wagon, or hear it, until he was struck. A witness for the plaintiff testified that he was about twenty-five feet from the plaintiff, heard some one halloo and the rattle of a wagon, and turned and saw the wagon hit the plaintiff, who was then but a few steps in the crossing. The defendant testified that he saw the plaintiff and hallooed to him before he left the sidewalk, and when he was about fifteen feet from him; that the plaintiff turned and looked around, and undertook to run across. *Held*, that whether the plaintiff was in the exercise of due care was a question of fact for the jury.

TORT for injuries sustained by being run over by the defendant's milk wagon on a street in Boston.

At the trial in the Superior Court, before *Wilkinson*, J., it appeared that the plaintiff had come down Causeway Street, and turned to the right into Merrimac Street, and was crossing Prospect Street, when the defendant, driving down Prospect Street, ran upon him and injured him.

The plaintiff testified that he did not see nor hear the defendant or his wagon until he was struck; that he looked and did not see the wagon; that he could not tell whether the horse or wagon hit him, but the defendant told him it was the wagon. He also introduced one witness, who testified that he was standing in Merrimac Street or Square about twenty-five feet from the plaintiff, and heard some one halloo and the rattle of a wagon, and on turning round saw the wagon strike the plaintiff. The plaintiff had then got but a few steps in the crossing. The witness said he was not a judge of speed, but thought the defendant was driving at the rate of six to eight miles an hour. The plaintiff called no other witness who saw the accident.

The defendant testified that he saw the plaintiff and hallooed to him before he left the sidewalk, and when he was about fifteen feet from him; that the plaintiff turned and looked around and undertook to run across; that he had his horse well in hand, one rein in each hand, and that he was not going over seven miles an hour, and that, as he neared the plaintiff, he, the defendant

swung his horse to the right, away from the plaintiff, but that the plaintiff persisted in crossing.

The jury viewed the premises. At the corner from which the plaintiff undertook to cross, one can see up the whole length of Prospect Street. The grade is a little descending. At the crossing, the street is sixteen feet between the edgestones. The accident occurred on July 6, about eleven o'clock in the forenoon. The plaintiff testified that his eyesight was good, and that at the time of the accident he was "smart as anybody." At the trial he was somewhat deaf. There was no other evidence as to the manner in which the accident occurred.

After the testimony was closed, the defendant requested the judge to instruct the jury that the plaintiff had not shown due care on his part; but that on the contrary, taking all the evidence in the case, it appeared that due care on the plaintiff's part was wanting. The judge declined so to rule, and left the case to the jury under instructions not objected to, if the case was rightfully left to the jury. The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*S. J. Thomas*, for the defendant, cited *French* v. *Taunton Branch Railroad*, 116 Mass. 537; *Pennsylvania Railroad* v. *Weber*, 76 Penn. St. 157.

*L. C. Wade*, for the plaintiff, was not called upon.

BY THE COURT. The case, as stated in the bill of exceptions, presented a pure question of fact for the jury, and was rightly submitted to them.                           *Exceptions overruled.*