## MILDRED A. EATON v. W. S. CRIPPS & BROTHERS, *et al.,* Appellants.

**Negligence:** RECKLESS DRIVING in a public street is not justified by urgent necessity for so doing.

CONTRIBUTORY NEGLIGENCE. The high degree of care required at railroad crossings is not demanded to avoid contact with vehicles, while crossing a public street.

EVIDENCE. An ordinance regulating the speed of vehicles is admissible where plaintiff did not see an approaching team with which she collided. She had a right to assume that the speed of teams would conform to such ordinance.

**Practice.** That many people were passing between plaintiff and a team that injured her, about the time of the accident, authorizes a submission of whether she was prevented from seeing the team.

SAME. Evidence that plaintiff looked and listened for approaching teams, that she could not see the team which injured her so as to avoid the injury, and that it was due to reckless driving, is evidence that plaintiff did not contribute to her injury.

*Appeal from Wapello District Court.*—HON. W. D. TIS-
DALE, Judge.

THURSDAY, APRIL 4, 1895.

Action for damages for a personal injury. Trial
to a jury. Verdict and judgment for plaintiff.
Defendants appeal.—*Affirmed.*

*McElroy & Roberts* and *L. C. Hendershott* for
appellants.

*S. E. Adler, W. W. Cory,* and *C. C. Leech* for
appellee.

Kinne, J.—I.   On October 22, 1892, plaintiff, while
attempting to cross the street at the corner of Main
and Market streets, in the city of Ottumwa, for the pur-
pose of taking passage upon a street car which had
stopped in the center of Main street, was struck,
knocked down, and seriously injured by a team driven
by a servant of the defendants.   The negligence
charged against the defendants is in recklessly and
carelessly driving the team and carriage against the
plaintiff, and in driving at a rate of speed contrary to
law and the ordinance of the city of Ottumwa, by rea-
son of which she sustained the injury complained of.
She also avers that she was in the exercise of due care.
Defendants deny all of the allegations of the petition.
II.   One of the main defenses relied upon is con-
tributory negligence.   It is said that although plaintiff
testifies she looked in the direction from which the
team and vehicle came which struck her, and
that she listened for teams, and saw and heard
none, her evidence cannot be true, and that the
evidence shows that there was nothing to prevent her

seeing the team in time to have avoided the accident had she looked and listened. In the consideration of this question, it is proper that we notice the special findings of the jury. They were, in substance, that plaintiff looked and listened for the approach of teams just before she passed over the street; that she could not by looking for approaching teams, just before she passed over the street, have seen defendants' team in time to have avoided the injury; that the injury was the result of the negligence of the driver of the team, defendants' servant; and that such negligence consisted in fast and careless driving. If these findings were warranted by the evidence, it is clear that plaintiff was not negligent. We think the jury were warranted in finding as they did. We cannot undertake to set forth all the facts which lead us to this conclusion. It is not strange that plaintiff did not see the team and vehicle which struck her. There were many people in the street. She was sixty-three years old, and somewhat feeble, and her eyesight was defective. People were getting off the car, and a band was playing near by, which would have a tendency to prevent her hearing the approach of the team. As the vehicle approached plaintiff, the speed of the team was increased. The driver was in a hurry to make a train. When she was struck, she was within a step of the car. Her vision was, to a certain extent, cut off by the passing of people between her and the team. These and other facts show that there is nothing inconsistent in plaintiff's claim that she looked and listened for approaching teams, and saw and heard none. The verdict and special findings are fully sustained by the evidence.

III. Error is assigned on the refusal of the court to give the third, fifth, sixth, seventh, and eighth instructions asked by the defendants. These instructions are lengthy, and we cannot set them out in this

opinion. In so far as they were proper, they were covered by those given by the court. Some of them seem to be framed upon the theory that the negligence of the driver of the team and vehicle is to a certain extent to be determined by the distance he had to go, and the urgent necessity he was under to drive fast. Such is not the law. It does not matter what impelled the defendants' servant to drive at a reckless speed. His duty to his employers must be discharged with due regard to the public, to persons rightfully upon the street; and there could be no urgent necessity on his part which would justify him in such careless and reckless driving as to endanger the persons or lives of those who are properly and lawfully upon the street, and who themselves are in the exercise of due care.

It is said the court erred in giving the eleventh instruction, in that it submitted to the jury the question as to whether there was anything that prevented plaintiff from seeing the approaching team or from hearing it. It is insisted that the evidence shows there was nothing to obstruct plaintiff's view of the approaching team. There was evidence that there were many people upon the street, and evidence tending to show that they were between plaintiff and the team, at least a part of the time. The evidence justified the giving of the instruction.

IV. Error is assigned in the admission of an ordinance of the city of Ottumwa regulating the speed of vehicles upon the streets. It was properly admitted as tending to show that plaintiff was not negligent, in that she had a right to assume that the defendants would obey it, and regulate the speed of their horses accordingly. It is objected to because it is claimed that plaintiff must have known that the team was approaching, and, if so, she would have no right to

act upon a supposed state of facts which was negatived by the clear evidence of her senses. *Baker v. Pendergast,* 32 Ohio St. 498. The rule of law may be conceded, but the facts, as we have seen, do not bring the case within the rule contended for. The evidence shows she did not see the team; the jury so found; and, as we have heretofore indicated, there were reasons why she may not have seen the team.

There was no error in refusing a new trial upon the grounds of newly-discovered evidence. The newly-discovered testimony was cumulative.

V. As we have indicated, much complaint is made of the court's instructions. They are quite as favorable to defendants as the law will justify. The case seems to have been tried upon the theory that the same rule of law in reference to looking and listening was applicable as in cases where one is about to cross the track of a railway. We do not think the rule is the same. A public street is not, like a railroad track, always a place of danger. The rights of persons to walk across a public street are not subordinate to the rights of one driving thereon. The rights and duties of footmen crossing a street and of drivers of vehicles thereon are equal. Each may use the street, and each must exercise such care and prudence as the circumstances demand. Elliott, Roads & Streets, p. 622; *Brooks v. Schwerin,* 54 N. Y. 343; *Barker v. Savage,* 45 N. Y. 191; *Coombs v. Purrington,* 42 Me. 332; *Simons v. Gaynor,* 89 Ind. 165; *Belton v. Baxter,* 54 N. Y. 245; *Chaffee v. Railroad Co.,* 104 Mass. 108. Reasonable care, under all of the circumstances, is all that is required, and the duty imposed upon a wayfarer at the crossing of a street by a railroad track, to look both ways, does not, as a matter of law, attach to a person about to cross a city street. Elliott, Roads & Streets, p. 623; *Williams v. Grealy,* 112 Mass. 79; *Shapleigh v.*

*Wyman*, 134 Mass. 118; *Stringer v. Frost*, 116 Ind. 477, 19 N. E. Rep. 331.    In the case last cited it is said: "We agree that it is the duty of a person crossing, or about to cross, a public street on foot, to look and take precautions according to the character of the thoroughfare, so as to avoid collision with approaching horsemen or vehicles; but it is obviously not necessary that the same high degree of vigilance should be demanded of a footman about to cross a public street in order to avoid contact with a horseman, who is likewise under a duty to be on the lookout, and to have his horse under a careful control, as is required at railroad crossings, over which engines and trains of cars are necessarily run at a rate of speed not readily governable."   In *Moebus v. Herrmann*, 108 N. Y. 349, 15 N. E. Rep. 415, it is said:  "In the former case [crossing a railroad] there is obvious and constantly impending danger, not easily or likely to be under the control of the engineer; in the latter, the vehicles are managed without difficulty, and injuries are infrequent."   *Wendell v. Railroad Co.*, 91 N. Y. 420.

VI.    Appellants ask that the costs of appellee's abstract be taxed to appellee.   This cannot be done. A careful examination of the abstracts and transcript shows that the matter set forth in appellee's abstract was not in the transcript, and most of it was essential to a proper understanding of the case.   If appellants had in the first instance made such an abstract as the rules require, there would have been no occasion for an additional abstract.

We discover no reversible error in this record, and the judgment below is *affirmed*.