# HYGEIA DISTILLED WATER COMPANY *vs.* THE HYGEIA ICE COMPANY.

Third Judicial District, Bridgeport, April Term, 1898. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Exceptions to the action of the trial court in finding and refusing to find certain alleged facts from conflicting testimony, cannot avail the defeated party upon an appeal to this court.

In an action to restrain an infringement of the plaintiff's trade-mark, the defendant claimed and offered evidence that the word "Hygeia," constituting the alleged trade-mark, was in common use for business purposes long before its adoption by the plaintiff, and that the latter had acquiesced in its registration and use as a trade-mark by a third person. *Held* that in rebuttal the plaintiff might introduce the record of a judgment in its favor in an action against such third person for an infringement of its right.

The plaintiff offered evidence to show that the products of both parties were on sale at the same or different places in the same city. *Held* that as relevant to that inquiry a witness who had made purchases might be permitted to state what article he called for and what he received.

The determination of the trial court as to the qualifications of an alleged expert will not be reviewed by this court upon appeal, unless it is clear from the record that such ruling was based upon incompetent or insufficient evidence.

In its defense the defendant contended that the word "Hygeia" had acquired the well defined secondary meaning of "healthful" or "health-giving," and as such was one of those common descriptive words that could not be lawfully appropriated as a trade-mark. *Held* that the question thus presented was to be determined by the trial court upon its judicial knowledge aided by reference to standard authorities, or by evidence, or by both.

In the present instance the court having heard evidence upon this point, decided against the defendant's contention. *Held* that upon the facts disclosed by the record this ruling was correct.

The trial court enjoined the defendant from engaging in any way or manner in the business of selling distilled water and products made therefrom, so long as it retained the word "Hygeia" as a part of its corporate name, and from using its corporate name, conspicuously or otherwise, in such business. *Held* that the facts found did not warrant such a sweeping decree, and that for this error the entire judgment must be set aside and a new trial be granted.

[Argued April 20th—decided June 1st, 1898.]

SUIT to restrain the defendant from infringing the plaintiff's trade-mark, brought to the Superior Court in New Haven County and tried to the court, *Roraback, J.;* facts found and judgment rendered in favor of the plaintiff, and appeal by the defendant for alleged errors in the rulings of the court. *Error and new trial granted.*

The complaint consists of three counts, in each of which it is alleged, in substance, that the plaintiff is the owner of a trade-mark or name consisting of the word "Hygeia," and has the sole and exclusive right to use the same in connection with the business of making and selling distilled water and products made therefrom; and in each of them it is also alleged in substance that the defendant has wrongfully used and is wrongfully using said word in connection with its business of making and selling distilled water and the products thereof.

The first count relates to the wrongful use by the defendant of the word "Hygeia" in its corporate name; the second to the wrongful use by the defendant of said word as a trade-mark or name to designate its products; and the third charges in substance that the defendant adopted and used said word in its corporate name and in its business, fraudulently, to the great damage of the plaintiff.

The first defense to each count is, in substance, a general denial of the material facts alleged. The second defense to all the counts alleged, in substance, a prior and concurrent use of the word "Hygeia" by others, and that the defendant had so marked its goods as to prevent confusion. The second paragraph of the second defense reads as follows: "2. The word 'Hygeia' has been in use for a great many years by different corporations and partnerships in connection with their business, both ice and water companies, and was in use long before the plaintiff claims to or did in fact use the same in connection with its business, especially by the Waukesha Hygeia Mineral Springs Company, of Chicago, Ill. and Waukesha, Wis., who on the 14th day of March, 1893, registered their trade-mark in the Patent Office of the United States, a copy of which is hereunto annexed and marked Exhibit A."

In Exhibit A, referred to in this second defense, the Waukesha Mineral Springs Company, an Illinois corporation, claims for its trade-mark, in the business of dealing in natural mineral water and beverages made therefrom, the word symbol " Hygeia," alleging that the same had been so used by it and its predecessors in the ownership of a certain mineral spring, since 1872.

The issues upon the first and third counts were found for the defendant. Upon the second count the issues were found for the plaintiff, with this exception : " that the acts of the defendant in making and selling ice as in said count alleged, are not an infringement of the plaintiff's rights and are not a damage to the plaintiff."

The court below made the following finding : "The plaintiff company is a corporation organized under the general laws of the State of New York on October 29th, 1885, for the purpose of carrying on the business of making and selling distilled water, carbonated water, vichy and seltzer waters, ginger ale, and other beverages, under the name of The Hygeia Sparkling Distilled Water Company. Subsequently it procured its name to be changed to The Hygeia Distilled Water Company, under which name it continues to exist and transact business in the city of New York.

" The defendant is a corporation organized under the general laws of the State of Connecticut in October, 1892. The purposes of its incorporation, as expressed in its articles of association, are to manufacture ice by artificial processes, to buy, sell, store and deal in ice and refrigerating substances, to buy, hold and sell personal and real estate and patents and patent rights convenient for the conduct of said business, and generally to do all things incidental and proper to the same. Said corporation is located in the town of New Haven.

" The name Hygeia was adopted and used by said defendant company at the suggestion and request of the De La Vergne Company, of New York city, manufacturers of artificial ice machines, the chief characteristic of which was the distillation and filtration of water, and the freezing of the same,

producing a clear and absolutely pure ice from the waters thus purified.

"As descriptive of the quality of ice, and to show that the same as produced by these machines was first class, the De La Vergne Company came to term the product of their machines as 'Hygeia,' correlative to the term 'healthful,' and such term 'Hygeia' was used daily in the transaction of its business.

"In order to differentiate between the companies using its machines and those using machines of other companies which froze the water in its crude state, the De La Vergne Company induced a large number of ice companies engaged in the manufacture of artificial ice, to adopt the name 'Hygeia,' the defendant company being among the number.

"At the time this case was brought there were no less than seven ice companies, other than the defendant, using the name 'Hygeia' as a part of their corporate names in their business of manufacturing artificial ice, some of them having used that name since 1890. There was no evidence that the plaintiff company ever acquiesced in such use of the name 'Hygeia' by the De La Vergne Company, or by any of said ice companies, nor that said De La Vergne Company ever sold water or ice. None of said ice companies, other than defendant, is engaged in the business of selling distilled water or beverages.

"For several years prior to the incorporation of the plaintiff company a copartnership in the city of New York had been transacting and carrying on the business of manufacturing distilled water and using the same in the preparation and manufacture of artificial mineral waters and the other beverages hereinafter named, under the name of the Hygeia Sparkling Distilled Water Company.

"Said copartnership was the first to coin, adopt and appropriate the word or title 'Hygeia' in connection with the manufacture and sale of such products.

"The incorporation of the plaintiff company was procured by the members of said copartnership, and immediately after its incorporation the plaintiff acquired by assignment from

said copartnership the business, good will, trade-marks and patent rights of said copartnership.

" The plaintiff company immediately engaged in and has since continued the business of manufacturing and selling distilled water, vichy, carbonic, seltzer, vichy with lithia, kissingen, club soda, ginger ale, sarsaparilla, lemon soda, and lithia water, using said distilled water as a base for the other products named. The plaintiff company (as well as its predecessor, said copartnership,) has continuously used the name ' Hygeia ' as its trade-mark, to indicate to the trade and consumers that said several products were of its manufacture, and said products have been called by the plaintiff company by the following names : Hygeia Distilled Water (or Hygeia Water), Hygeia Sparkling Distilled Water, Hygeia Vichy, Hygeia Carbonic, Hygeia Seltzer, Hygeia Vichy with Lithia, Hygeia Kissingen, Hygeia Club Soda, Hygeia Ginger Ale, Hygeia Sarsaparilla, Hygeia Lemon Soda, Hygeia Lithia, and Hygeia Sparkling Lithia. The labels on a few of these products were changed from time to time in wording, but always retaining the word ' Hygeia ' as its trade-mark. February 24th, 1896, the plaintiff company secured legal permission to change its name to The Hygeia Distilled Water Company, and since that time it has used the word ' Sparkling ' as a part of its corporate name upon some packages containing its products.

" Said products have been extensively advertised under these names, and at the time of the defendant company's incorporation were extensively dealt in, used, and known to the trade and to the consuming public by these names.

" As used in said applications the name ' Hygeia ' means and indicates in the trade and among the consuming public, that each of the said products to which such word is applied is the product of the plaintiff company, and such has always been its meaning when so used.

" The words in said designations, other than the word ' Hygeia,' are words which describe the nature, qualities, or ingredients of the several articles so named. The word ' Sparkling ' is used in connection with other products than

those of the plaintiff company, and indicates that the product to which it is applied is effervescent.

" The plaintiff company has spent a very large sum in advertising its product under said name and trade-mark, and has built up a large and valuable business in said articles of commerce; and the name or word ' Hygeia ' has become and now is the conspicuous feature of the plaintiff's business, and of great value to it, not only as a trade-mark, but also as the conspicuous and distinguishing feature of its corporate name.

" The plaintiff company was at the time of the defendant's incorporation and now is entitled to the sole and exclusive use of the word ' Hygeia ' in connection with the business of manufacturing and selling the distilled and artifical mineral waters and other beverages made therefrom.

" At the time of defendant's incorporation the plaintiff company had for a long time been and was then selling and shipping to many individuals and dealers within the State of Connecticut its various products. Among those by whom plaintiff's products were kept for sale during the year 1892, were Sisson & Company and Heublein Brothers, in Hartford, Heublein Brothers, N. W. Harris & Company, E. E. Hall & Son, and Gilbert & Thompson, in New Haven. One or more of said products had been conspicuously advertised in the newspapers in Hartford, and had been printed in the price list of E. E. Hall & Son, in New Haven.

" The incorporators of the defendant company intended and expected at the time of its incorporation to engage in the business of making and selling distilled waters and artificial mineral waters and beverages made therefrom. ' And the incorporators were told by their counsel who drew up the articles of association, that the purposes as described in the articles of association included the manufacture and sale of distilled water and its products.'

" The defendant immediately after its incorporation engaged in, and has since been continuously engaged in, the business of manufacturing, selling, and dealing in artificial ice, distilled water, artificial mineral waters, and other beverages. ' The defendant did not sell water and beverages in considerable quantities until the year 1895.'

" The defendant has transacted said business under the name of The Hygeia Ice and Water Company as well as under the name of The Hygeia Ice Company.

" In the transaction of its business as aforesaid by the defendant, the word ' Hygeia' has been and is used by it, alone and in combinations, conspicuously upon its bill heads, letter heads, advertisements, labels, wagons, bottles, wooden boxes, cases, etc. ' A very large part of the custom of the plaintiff company is in distilled water for table use, delivered in jugs holding five gallons each, in which cases neither the jug nor the label thereon is usually seen by the consumer. A large part of the trade in beverages other than distilled water, of both the plaintiff and the defendant companies, is by the bottle or glass, delivered at soda water fountains, in saloons, over bars, and in restaurants.'

" From a comparison of the bill heads, advertisements, labels, etc., used by the defendant with those used by the plaintiff, and from the attending circumstances and evidence offered upon the subject, I find that the consumers and purchasers using ordinary care are liable to be misled, deceived and confused as to the products of the plaintiff and defendant, and that the continuance by the defendant of such improper and unlawful use of said name is well calculated to induce the belief in purchasers that they are buying plaintiff's products, when, as a matter of fact, they are buying defendant's, and that such continuance will result in irreparable damage and injury to the plaintiff.

" The plaintiff company has not at any time exercised or claimed the right to manufacture and sell ice.

" The plaintiff company did not learn of such use of the name ' Hygeia ' in the manufacture and sale of waters and beverages by the defendant, until on or about May 27th, 1896, on which date the plaintiff by letter notified the defendant that it (the plaintiff) claimed the exclusive right to use said name, and asked the defendant to desist from such use.

" The defendant in support of the allegations of its answer offered evidence to prove that a certain mineral spring in Waukesha, Wisconsin, had been since 1872 called the

' Hygeia Spring,' and that the waters from said spring had been sold by the successive owners of the spring under the name and designation of 'Hygeia Water.' Such evidence, however, did not establish a continuous and uniform use of the name 'Hygeia' in the sale of such water by the successive owners of said spring prior to the adoption of said name and trade-mark by the copartnership of which plaintiff company is the successor. Said evidence did not establish any use of said name in the marketing of the waters, but only that barrels used by the owners of the spring in making small shipments of water therefrom were stenciled with the name 'Hygeia'; nor was it proved that said name had ever been used by them except in combination with the name 'Waukesha,' or used in the sale of any other water or beverage than the natural water obtained from said spring.

"No use of said name prior to its appropriation by plaintiff's assignor, inconsistent with the rights claimed by the plaintiff, was proved by the defendant.

"On August 20th, 1886, the plaintiff made a contract with the then owners of said spring, for the purpose of defining the respective rights of the parties thereto in the use of the name 'Hygeia.'

"The plaintiff has never acquiesced in or consented to any use of the name 'Hygeia' by the successive owners of said spring, otherwise than as limited and defined by the terms of said contract.

"The defendant offered some evidence to prove that the water from said spring is now known to consumers in the Chicago market as 'Hygeia Water,' but did not offer other evidence to prove any use of the name 'Hygeia' or the manner of such use by the Waukesha Hygeia Mineral Springs Company on its labels, or otherwise; nor did it offer to prove that said company was the owner of said spring.

"The plaintiff, in rebuttal, offered certified copies of the pleadings in an action in the United States Circuit Court for the northern district of Illinois, in which the plaintiff company was plaintiff and the said Waukesha Mineral Springs Company was defendant, said action having been brought

for the purpose of restraining the Waukesha Hygeia Mineral Springs Company from the use of the name ' Hygeia,' otherwise than as limited and defined in said contract. To the introduction of this evidence the defendant objected, but the court admitted the same, defendant duly excepting.

" Plaintiff also offered, in connection with such evidence, the final decree in said action, by which the Waukesha Hygeia Mineral Springs Company was enjoined from the use of the name ' Hygeia,' in accordance with the prayer of the plaintiff's complaint in said action. The defendant objected, but the court admitted the evidence, defendant duly excepting.

" At the trial, after proving the plaintiff's right to the use of said name ' Hygeia,' and the defendant's infringement thereof, plaintiff offered the evidence of Ernest C. Simpson, that at the request of the plaintiff he had made inquiries at stores and other places of business for Hygeia Water, Hygeia Lithia, Hygeia Ginger Ale, and Hygeia Club Soda, and that at some places he had been given the products of the plaintiff company and at other places the products of the defendant company, in response to said demands. This evidence was claimed for the purpose of showing that as a result of the defendant's infringement the defendant's products were known in market by the name applied to the plaintiff's products; that dealers who had on hand defendant's goods, when demand was made for goods of the plaintiff, turned out defendant's goods, and that thereby the public were liable to be misled. The court excluded the evidence for the purpose offered, the plaintiff duly excepting. The court, however, admitted the evidence for the sole purpose of proving that the plaintiff's and defendant's products were on sale at the same or different places in the same cities. The witness, having testified that he made his first purchase at Mix's drug store in New Haven, was asked by counsel for plaintiff: ' Now will you state what you asked for at Mix's drug store?' The defendant objected, but the question was admitted, defendant duly excepting.

" The plaintiff offered the testimony of Harris D. Colt,

vice-president of plaintiff company, who testified, among other things, that at Heublein's restaurant in New Haven he had recently asked the waiter to bring him a bottle of Hygeia Lithia. He was then asked as follows: 'Did he bring anything in response to that demand? If so, what?' The question was objected to, but was admitted by the court for the purpose of proving what products they had at that restaurant, defendant duly excepting. The witness testified that defendant's product was brought to him. He was further asked whether at that time he ordered anything else in the way of mineral waters or beverages, and what he ordered. The defendant objected, but the question was admitted by the court, the defendant duly excepting. Said evidence was offered by the plaintiff to show that in response to another order the plaintiff's goods were brought, and was admitted by the court for the purpose of showing that both plaintiff's and defendant's goods were on sale at said restaurant.

" On the trial of the case the following question was put to Augustus C. Smith, the general manager of the plaintiff company: Q. Now, Mr. Smith, will you state the meaning in the trade of the word by which you have named and described the several products manufactured by your company? Objected to. Q. I will add to that question, in order to make it more apparent what the meaning is: for instance, Hygeia Distilled Water. Will you state the meaning of each of those words as understood and applied in the trade? Objected to. Court. Why? Mr. Ely. He has not shown any special knowledge as applied to the trade. The gentleman cannot give his own conclusions and make them evidence as to what is known in the trade. A manufacturer cannot come in and say: 'It is known to the trade so and so,' without establishing at least some reason for it. I think the conclusion is for your Honor, or some outsider. Court. Isn't this man an expert on the subject? Doesn't he know? Ought he not to know, having been in the business ten years? Mr. Ely. In his own business. He has products that are known to other people in the trade. It seems to me not, if your Honor pleases. I don't think he has shown himself quali-

fied at all to testify to that. Question repeated. Court. I am inclined to admit that question, Mr. Ely. Admitted; exception. Mr. Daggett. I wish to state, your Honor, that it is directed not only to the understanding of the public as to these particular products, but the use of these words generally. Q. Will you please answer the question, Mr. Smith? A. The word 'Hygeia' as understood in the trade is a product in connection with water; as a product of the Hygeia Water Company, of New York. To this question the defendant objected and duly excepted. The witness then in response to further questions testified as to the meaning in the trade of the words 'distilled,' 'vichy,' 'seltzer,' 'sparkling,' 'still,' 'lithia,' 'club,' etc. The witness had previously testified that he entered the plaintiff's employ in 1887 as a traveling salesman, and had been actively connected with the business of selling the plaintiff's products ever since.

"Upon the foregoing facts the defendant claimed and asked the court to find: First. That the word 'Hygeia' is not a proper subject for a trade-mark. Second. In order to entitle the plaintiff to a judgment the use of the word 'Hygeia' by the defendant must have been such as to represent or induce the belief that the goods of the defendant were manufactured and sold as and for goods of the plaintiff, or must have been used by the defendant for the purpose of deceiving the public. Third. That on the facts the defendant is entitled to judgment. The court overruled the claims of the defendant, and rendered judgment for the plaintiff, as on file."

The material part of the judgment reads as follows: "Whereupon it is adjudged that the defendant and its officers, agents, employees and servants be and they hereby are each of them forever enjoined, under a penalty of one thousand dollars, against transacting business under the name of 'The Hygeia Ice and Water Company,' and, so long as the defendant shall retain its present corporate name, or any corporate name containing the word 'Hygeia' as a part thereof, against putting up, bottling, selling, offering for sale, or delivering distilled water in liquid form or for drink-

ing use, or using distilled water as an ingredient in the making and compounding of ginger ale, soda water, lithia water and other artificial mineral waters, and also against using the word 'Hygeia,' either alone or in combination with other words, as a part of its corporate name or otherwise in and upon its signs, advertisements, letter heads, bill heads, circulars, printed matter, wagons, bottles, jugs, siphons, labels, corks, seals, wooden boxes and cases, packages, receptacles, or any other thing used by any of them in the business of selling or delivering distilled water in liquid form or for drinking use, or in the business of making, manufacturing, compounding, putting up, bottling, selling, offering for sale, or delivering ginger ale, soda water, lithia water, or other artificial mineral waters, in the preparation of which products distilled water shall have been used as an ingredient."

The assignments of error relate to the action of the trial court: (1) in overruling the defendant's claims as set forth in the finding; (2) in its rulings upon evidence; (3) in its findings of specific facts.

*William H. Ely* and *Howard C. Webb*, for the appellant (defendant).

The plaintiff has no sole and exclusive right to the use of the word "Hygeia": first, because the word is not entitled to protection; second, the word "Hygeia" was used by others in connection with the sale of water, long before the plaintiff used it. "Hygeia" is not a word entitled to protection, as it has become a term merely descriptive of the character and quality of the goods to which it is applied. *Lawrence Mfg. Co.* v. *Tennessee Mfg. Co.*, 138 U. S. 546; *Koehler* v. *Saunders*, 122 N. Y. 65–72; *Fisher* v. *Blank*, 138 id. 244–249; *Boardman* v. *Britannia Co.*, 35 Conn. 402–414; *Caswell* v. *Davis*, 58 N. Y. 223–233, 234; *Gilman* v. *Hunnewell*, 122 Mass. 139–148; Foster's Encyc. Med. Dict.; Webster's Dict. Applying this general doctrine to words, it has been held that the following words among many others were not entitled to protection: "Samaritan," *Desmond's Appeal*, 103 Pa. St. 126; "Imperial," *Beadleston* v. *Cooke Brewing*

Hygeia Distilled Water Co. *v.* Hygeia Ice Co.

*Co.*, 74 Fed. Rep. 229; "Hygienic," *Jaros Hygienic Co.* v. *Fluse Hygienic Co.*, 65 id. 424; "Gold Medal," *Taylor* v. *Gillies*, 59 N. Y. 331; "Club House," *Corwin* v. *Daly*, 7 Bos. 222. The word "Hygeia" by itself means nothing unless it means "healthful" or "health-giving." It does not show who is the manufacturer of the goods nor what the goods are. If this is true so far as ice is concerned, it must be equally true so far as water is concerned. "Hygeia Water" may mean the water made by the plaintiff, or the water sold from the Waukesha spring. It is only when the words "Hygeia" and "Water" have other words used with them that any ownership or origin is indicated, and this being so, the word, as a word by itself, is not entitled to protection. There is no claim that the trade-mark, as such, has been infringed, and such a claim cannot be made on the finding. The most that the plaintiff can claim is that the defendant has adopted a part of its trade name. The most cursory glance at the names of the two corporations at the time the defendant corporation was formed, shows that there is no similarity. The plaintiff's name was the "Hygeia Sparkling Distilled Water Co.," and the defendant's name "The Hygeia Ice Co." No case can be found where a person has been stopped from using a name to which he has a right, in carrying on a business which he had a right to carry on, in the absence of evidence showing fraud or confusion in fact on the part of the public. *Boardman* v. *Meriden Britannia Co.*, 36 Conn. 211; *Rogers Mfg. Co.* v. *Simpson, etc., Co.*, 54 id. 527; *Rogers & Brother* v. *Rogers*, 53 id. 121; *Munro* v. *Tousey*, 129 N. Y. 38–41; *Hygeia Water Ice Co.* v. *N. Y. Hygeia Ice Co.*, 140 id. 94. The restraining decree was erroneous in that it prevented the defendant from selling goods it had a right to sell under a name it had a right to use, provided it did not represent its goods as the goods of the plaintiff. *New Haven, etc., Co.* v. *Farren*, 51 Conn. 324.

*Henry C. White* and *Leonard M. Daggett*, for the appellee (plaintiff).

The plaintiff having established its title in the word-sym-

bol " Hygeia " as a trade-mark in the sale of manufactured water and beverages, is not affected by its concurrent use of a formal device on its labels. That an accompanying device is not also appropriated by the infringer, is no reason for denying relief against the wrongful appropriation of a word-symbol. 26 Amer. & Eng. Ency. of Law, 416, 417, 429; *Filley* v. *Fassett,* 44 Mo. 169; *Carroll* v. *Ertheiler,* 1 Fed. Rep. 688. The name " Hygeia " is such an arbitrary word-symbol that plaintiff may prevent its use by others in the manufacture and sale of water and beverages. That the word " Hygeia " suggests the idea of wholesomeness and purity in the water and beverages to which it is applied, does not prevent its adoption and use as a trade-mark. *Keasbey* v. *Brooklyn Chem. Works,* 142 N. Y. 467; 26 Amer. & Eng. Ency. of Law, 282; *Braham* v. *Bustard,* Cox, Man. Tr. M. No. 226.; *Penna. Salt Mfy. Co.* v. *Myers,* 79 Fed. Rep. 87. If the word " Hygeia " has come to be a generic name, indicating the quality of the article rather than its origin or ownership, such fact should have been established by evidence and included in the finding. *Burton* v. *Stratton,* 12 Fed. Rep. 696. The word " Hygeia " has been legally recognized as properly the subject of a trade-mark right. *Waukesha Hygeia, etc., Co.* v. *Hygeia Sparkling Distilled Water Co.,* 63 Fed. Rep. 438, 443. But even if the word has acquired a secondary meaning indicative of quality, plaintiff is yet entitled to have its use protected. *Burton* v. *Stratton, supra ; Lawrence* v. *Tennessee Mfy. Co.,* 138 U. S. 537. If the use of the word " Hygeia " by defendant is likely to mislead purchasers and the public, such use is an infringement of plaintiff's trade-mark, against which preventive relief should be granted. *McLean* v. *Fleming,* 96 U. S. 245; *Seixo* v. *Provezende,* L. R. 1 Ch. App. 192; *Colman* v. *Crump,* 70 N. Y. 573; *Williams* v. *Brooks,* 50 Conn. 278; *Bradley* v. *Norton,* 33 id. 157. An actual deception of purchasers need not be shown by plaintiff to entitle it to an injunction. *Filley* v. *Fassett,* 44 Mo. 169; *Bank of Tomah* v. *Warren,* 68 N. W. 549; *Shaw* v. *Pilling,* 175 Pa. St. 78; *Taendsticksfabriks Akt. Vulcan* v. *Myers,* 139 N. Y. 364;

*New Home Sewing Machine Co.* v. *Bloomingdale*, 59 Fed. Rep. 284; *Edelsten* v. *Edelsten*, 1 De G. J. & S. 185, Cox, Man. Tr. M. No. 213. Trade-names are protected upon the same principles applied in the protection of trade-marks. The use of corporate names has been enjoined in the following cases: *Holmes, Booth & Hayden* v. *Holmes, etc., Co.*, 37 Conn. 278; *Van Auken* v. *Van Auken, etc., Co.*, 57 Ill. App. 240; *Celluloid Mfg. Co.* v. *Cellonite Mfg. Co.*, 32 Fed. Rep. 94. The claims of law made by the defendant on the trial were properly overruled, as well as its objections to the testimony admitted.

TORRANCE, J. The assignments relating to the exceptions to the finding may be laid out of the case. They are all founded upon the action of the court in finding or in refusing to find certain facts from conflicting testimony, and therefore cannot be considered by this court so as to be available to the defendant upon this appeal. *Atwater* v. *Morning News Co.*, 67 Conn. 504; *Thresher* v. *Dyer*, 69 id. 404.

Before considering the questions based upon the overruling of the defendant's claims, it may be convenient to dispose of those relating to the rulings upon evidence, the first of which is the admission of the record in the suit of the plaintiff against the Waukesha Mineral Springs Company. This evidence came in by way of rebuttal. It was offered generally, and the objection to it was general. If, then, it was admissible for any purpose, the ruling complained of was correct; *Morris* v. *Bridgeport Hydraulic Co.*, 47 Conn. 279, 287; and it will be presumed that the trial court used it only for an admissible purpose. *Hurlbut* v. *McKone*, 55 Conn. 31, 46. One of the defenses was, in substance, that the word "Hygeia" was in common use both in the ice and water business long before the plaintiff or its predecessors in business used it, and that in 1893 it had been publicly registered as a trade-mark by the Waukesha Mineral Springs Company. The defendant offered evidence in support of this defense, and from that, and other evidence given without objection, relative to the dealings between the plaintiff and the Wau-

kesha Mineral Springs Company, was entitled to claim and doubtless did claim that such common use of the word was known to the plaintiff and its predecessors in business and had been acquiesced in by them and it; and especially that it had been acquiesced in by the plaintiff after the registration of said trade-mark in 1893. The plaintiff was entitled to show in rebuttal that it had not, in any way inconsistent with the right which it now claims, acquiesced in such common use of the word "Hygeia," and to show this by any appropriate evidence, including its own acts and conduct. Prosecuting a suit to a finality for an infringement of its right is an act clearly tending to show a want of acquiescence in an invasion of such right, and the record of such suit was appropriate evidence of that act.

The precise objection now made to the admissibility of this record is that the defendant was not a party nor in privity with any party to it. Had the record been offered as evidence of any of the facts adjudicated in the suit, this objection would be a valid one; but it was not offered nor received for any such purpose, and the objection cannot prevail.

The next ruling upon evidence relates to the testimony of the witness Simpson. He, at the plaintiff's request, had, at stores and other places, asked for the plaintiff's products by name, and had at some places been furnished with the plaintiff's products, and at others with the defendant's products. Simpson's testimony to these facts was offered by the plaintiff to show that the defendant's products were known in the market by the name applied to the plaintiff's products, that dealers sold them as such and that thereby the public were liable to be misled. The court excluded the evidence for this purpose, but did admit it solely to show that the products of both parties were on sale at the same or different places in the same cities. Simpson having testified that he made his first purchase at a certain drug store in New Haven, was then requested to state what he there called for, and the defendant objected to the question. It nowhere appears that the question was answered, or that the answer, if given, did or could do the defendant any harm; but assuming that

an answer was given, and that the objection was to that rather than to the question, and that the answer could possibly harm the defendant, we think the ruling was correct under the facts disclosed by the record.

The court had ruled that evidence of the fact that the products of both parties were on sale at the same or different places in New Haven, was admissible. This was, in effect, a ruling that such fact was or might be relevant and material under the issues in the case, and for aught that appears in the record, this ruling was correct. The defendant did not object to the ruling, and did not claim that such fact was irrelevant and immaterial. It objected generally to certain evidence of the fact. The only ground on which it now claims that this evidence was inadmissible is that the fact in proof of which it was offered was immaterial. This objection comes too late to avail the defendant now. We think the fact was material and the evidence objected to was relevant evidence of it.

The reasons which justify the ruling in regard to Simpson's testimony, justify also the ruling in regard to Colt's testimony. In both cases the evidence was substantially the same, the objection was the same, and it was admitted for the same purpose under substantially the same circumstances.

The last ruling upon evidence complained of relates to the testimony of Smith, the general manager of the plaintiff. He was asked as a matter of knowledge to state the meaning in the trade of certain names applied to the plaintiff's products. The defendant objected to this, substantially on the ground that it had not been shown that the witness had such knowledge. The witness had previously testified that he entered the plaintiff's employment in 1887 as a traveling salesman, and had been actively connected with the business of selling plaintiff's products ever since. The court, with all the evidence before it bearing upon this matter, decided that the witness had such special knowledge, and it does not appear that this decision was based upon incompetent or insufficient evidence. Under such circumstances this court will not review that decision. *State* v. *Main*, 69 Conn. 123, 141.

The assignments of error based upon the claims overruled, are next to be considered, and the first of these involves the question whether the word "Hygeia" could be appropriated as a trade-mark. The general principles to be applied in determining such a question are fairly well settled. A trade-mark is something used upon vendible articles to designate them as the articles made or sold by A, and to distinguish them from similar articles made or sold by B. Speaking generally, its office or purpose is to indicate the origin or ownership of such articles. When it consists of a word, that word must be capable of performing that office or serving that purpose. In law certain common words are not deemed capable of serving this purpose, as, for instance, words merely descriptive of the article, constituting its ordinary or known name, or indicating its ingredients, or its qualities, or properties, or its mode of composition, or the like. Such words cannot be appropriated as trade-marks. But a word not falling within the class of words incapable of being adopted as a trade-mark, may be adopted as one, although it cannot and does not of itself in any way indicate origin or ownership. If, by use as a trade-mark, such a word has acquired, by association in the minds of men, an understood reference to the maker or seller of the articles upon which it is used, that would entitle the owner of such trade-mark to protection. Under such circumstances a word may be a valid trade-mark, although it does not of itself indicate any particular person as maker or seller of the goods, nor his name nor address. *Boardman* v. *Meriden Britannia Co.,* 35 Conn. 402; *Mfg. Co.* v. *Trainer,* 101 U. S. 51; *Godillot* v. *Harris,* 81 N. Y. 263; *Insurance Oil Tank Co.* v. *Scott,* 33 La. Ann. 946, 39 Amer. Rep. 286.

The only ground upon which the defendant claims that the word "Hygeia" cannot be adopted as a trade-mark, is that "it has become a term merely descriptive of the character and quality of the goods to which it is applied," as healthful or health-giving. The parties were in dispute over this matter, and the question between them was one of fact. The defendant claimed, in effect, that "Hygeia" had become

an ordinary English word with a fairly well defined second-
ary meaning, and the plaintiff denied this.    The dispute, of
course, related mainly to the time when the word was first
adopted as a trade-mark by the plaintiff's assignor, and not
to the time of the trial.    The question thus presented was
one to be determined by the court from its own judicial
knowledge aided by reference to any appropriate authorities,
or by evidence, or both.    *Grennan* v. *McGregor*, 78 Cal. 258 ;
*Com.* v. *Marzynski*, 149 Mass. 68 ; *Atty.-Gen.* v. *Dublin*, 38
N. H. 459 ; *School District* v. *Ins. Co.*, 101 U. S. 472.    In
the standard dictionaries the word " Hygeia " is uniformly
used as a proper name and not as an adjective.    In Web-
ster's International Dictionary it is used solely as the name
of the " Goddess of Health," while in the Century Diction-
ary it is used in this sense, and also as the name of one of
the planetoids discovered in 1849.    We are not aware of any
standard authority that supports the defendant's contention
upon this point.    The court below heard evidence upon this
question from both parties.    It was in evidence that the
word as late as 1893 had been registered in the patent office
as a trade-mark, and this was entitled to weight in determin-
ing the question.    " The authorities of the patent office,
from long experience, are familiar with the law of trade-
marks, and their decisions, though not conclusive, are enti-
tled to great consideration by the courts in the determination
of such questions."    *Insurance Oil Tank Co.* v. *Scott*, 33 La.
Ann. 946, 952.    It may be conceded, as claimed by the de-
fendant, that there was evidence tending to show that at or
about the time of the trial the word, to some persons, had
acquired the secondary meaning it contends for, but the evi-
dence was conflicting and may have arisen out of the very
use which the plaintiff and its predecessors had made of the
word in their business ; and if this were so such evidence
would be of little weight.    The mere fact that the word, by
association of ideas, would suggest to some persons the idea
of purity or healthfulness, would not prevent its being avail-
able as a trade-mark word; *Keasbey* v. *Brooklyn Chemical
Works*, 142 N. Y. 467 ; and the fact that such association
grew out of its use by the plaintiff and its predecessors would

not make it common property.   *Burton* v. *Stratton*, 12 Fed.
Rep. 696; *N. K. Fairbank Co.* v. *Central Lard Co.*, 64 id.
133.   Upon the knowledge of this matter acquired by the
exercise of its power of judicial cognizance, aided by evi-
dence, and by reference to standard authorities upon the sub-
ject, the court below decided against this contention of the
defendant, and we are of opinion that it decided correctly.

The next and last question to be considered is whether
the court below erred in the judgment which it rendered.

The first count of the complaint alleged, in substance,
that the defendant was wrongfully and unlawfully, in the
conduct of its business of making and selling distilled water
and products made therefrom, using its corporate name and
an assumed name, to the injury of the plaintiff and in viola-
tion of its rights.   The issues upon this count were found
in favor of the defendant.   The issues formed upon the third
count also were found in favor of the defendant, and so
these two counts may be laid out of the case.

The finding is, therefore, based upon the matters alleged
in the second count of the complaint, and these relate to the
infringement of the plaintiff's trade-mark.   This count
charges, in substance, that the defendant in the conduct of
its business of selling distilled water in all its forms as a
beverage, has used the word "Hygeia," both alone and in
combination in its corporate and assumed names, conspicu-
ously upon its goods and by way of advertising, in such a
way as to constitute an infringement of plaintiff's trade-
mark, and to make purchasers liable to mistake defendant's
goods for plaintiff's goods.

The finding is not as broad or specific as the charge in the
second count.   The finding is that "in the transaction of its
business as aforesaid by the defendant, the word 'Hygeia'
has been and is used by it, alone and in combinations, con-
spicuously upon its bill heads, letter heads, advertisements,
labels, wagons, bottles, wooden boxes, cases," etc.; and the
court further finds "from a comparison of the bill heads,
advertisements, labels, etc., used by the defendant with those
used by the plaintiff," and from other evidence, that such
use is liable to make purchasers using ordinary care mistake

defendant's goods for plaintiff's goods. The finding thus states, in effect, that the defendant's use of the word "Hygeia," either alone or "in combinations," is a violation of plaintiff's trade-mark or name. What the "combinations" are that have been used or which constitute an infringement, is not stated. The second count alleged that the use of the defendant's corporate or assumed name in the distilled water business as a beverage, constituted such an infringing "combination;" but the court does not so find, either expressly or by implication. The most that can be said about the finding upon this point is, that certain "combinations" used conspicuously are infringements, and not that all are, however used. It is nowhere found, either expressly or by clear implication, that the mere ordinary use by the defendant of its legitimate corporate name constitutes such an infringement, or is liable to work the slightest injury to the plaintiff or to the public.

The judgment restrains the defendant from in any way or manner engaging in such business so long as it retains the word "Hygeia" in its corporate name, whether it uses such name in said business or not, and from in any way or manner using its corporate name, conspicuously or otherwise, in such business. It is conceded that the plaintiff has no monopoly of the business of making and selling distilled water and products made therefrom, as a beverage, and that any one may engage therein; the only claim is that any person engaging therein must not use the word "Hygeia" in such a way as to constitute an infringement of the plaintiff's rights in that word. We think the facts found did not warrant the court in rendering the sweeping judgment complained of in this case, and that for this error, under the circumstances of this case, the entire judgment should be reversed and set aside. Moreover, as the evidence in the case may possibly have warranted a broader finding than was made in the case, we think the ends of justice will be best subserved by granting a new trial.

Error, judgment set aside and new trial granted.

In this opinion the other judges concurred.