BURT *v.* STAFFELD.

1. NEGLIGENCE — COASTING ACROSS HIGHWAY — COLLISION WITH PEDESTRIAN—QUESTION FOR JURY.

While it is not negligence *per se* to coast on a public street ( *Burford* v. *City of Grand Rapids*, 53 Mich. 98 ), it is a question for the jury whether or not defendants in a given case were guilty of negligence in coasting across a highway at such a rate of speed as prevented their so controlling their course as to avoid collision with pedestrians.

2. SAME—CONTRIBUTORY NEGLIGENCE.

A pedestrian is not guilty, as a matter of law, of contributory negligence, precluding a recovery for injuries received in a collision with a coaster, in attempting to cross at night a dark, icy street upon which she knows coasting is practiced, even though there is no evidence that she looked in the direction of the approaching coaster, where there is nothing to show that she knew that the coasting was at a rate of speed that rendered the coasters uncontrollable; the question of her negligence under such circumstances being for the jury.

Error to Ionia; Davis, J. Submitted June 8, 1899. Decided September 27, 1899.

Case by Theresa M. Burt against Paul Staffeld and

others for personal injuries.  From a judgment for defendants on verdict directed by the court, plaintiff brings error.  Reversed.

R. A. Hawley, for appellant.

V. H. & H. H. Smith, for appellees.

MONTGOMERY, J.  The plaintiff, while crossing Yeomans street, in the city of Ionia, on the 15th day of February, 1897, was injured by collision with a coasting sled on which defendants were coasting.  She brings this action, alleging that the defendants were guilty of negligence. At the conclusion of the evidence for the plaintiff, the circuit judge directed a verdict for defendants, on the ground that the plaintiff was not herself in the exercise of due care.  The plaintiff brings error.

In Burford v. City of Grand Rapids, 53 Mich. 98 (51 Am. Rep. 105), it was held that it was not negligence per se to coast on a public street; that the sport is not entirely foreign to the purposes for which public ways are established.  It was also said in the case that:

"Any person making use of the public highways must use them with care, and must have due regard to the rights of others.  Those having occasion to use them for the customary purposes of travel and passage have the first right, and their use must not be obstructed, except under circumstances that are quite exceptional, and that make out a clear excuse."

In the present case we think it was clearly a question for the jury as to whether the defendants were negligent in coasting at such a rate of speed as prevented their having their sled under such control as to prevent collision with pedestrians, and as to whether they gave timely warning.  There was evidence that the coaster had attained a very high rate of speed, and it was a fair question for the jury as to whether proper control of the same was possible.

The question of plaintiff's care is one of more difficulty,

but we are all of the opinion that, under the proofs, this was also a question for the jury. It appears that the plaintiff knew that coasting had been and was being practiced on the street, and undoubtedly this fact may and should be considered by the jury in determining whether she was duly careful in approaching the place where she received her injuries. The evidence does not show that she looked up the hill, and it is fairly inferable that, had she looked, her vision would have been substantially unobstructed for a considerable distance; but, on the other hand, it appeared that the street was icy, that there was no artificial light, and that the collision occurred in the evening. It does not appear that she had any knowledge that the coaster would be uncontrollable. We think it was for the jury to say whether she was negligent. The same degree of care is not required of a person about to cross a street as is required of a person about to cross a railroad. *Eaton* v. *Cripps*, 94 Iowa, 176. And it is generally held that the mere failure of a pedestrian to look and listen for teams as he is passing over a crossing is not necessarily such negligence as will prevent recovery if he is run over by a passing team. *Murphy* v. *Transfer Co.*, 167 Mass. 199, and cases cited; *Moebus* v. *Herrmann*, 108 N. Y. 349 (2 Am. St. Rep. 440). We think it should be left for the jury to decide whether, in view of the knowledge which plaintiff had, she exercised such care as a reasonably prudent person would under like circumstances.

Judgment reversed, and a new trial ordered.

The other Justices concurred.