Thomas H. Hope *vs.* Pasquale Valente, 1st.

Third Judicial District, New Haven, January Term, 1911.
Hall, C. J., Prentice, Thayer, Roraback and Wheeler, Js.

It is not error for the trial court, in giving instructions as to one ground of alleged negligence on the part of the defendant, to omit any reference to the subject of plaintiff's contributory negligence, where that subject is adequately treated elsewhere in the charge.

A foot-passenger has a legal right to leave the sidewalk and walk in the roadway, and his conduct in doing so is neither negligent in law nor prima facie evidence of negligence in fact; whether or not it is negligence depends upon the question whether, under all the circumstances of the case, his act was that of an ordinarily prudent person.

In an action to recover for injuries due to a kick from a vicious horse

belonging to the defendant which was left unattended in the street, the court charged the jury that if the owner of a horse more likely to kick than another puts him in a place where he is likely to injure others, that owner is bound to keep in mind his knowledge of the horse, and to take such care as the ordinarily prudent person would take under such circumstances. *Held* that this was a reasonably accurate statement of law for the purposes of the case, and one expressed in terms within the comprehension of the jury.

Testimony of a certain witness, *O*, was offered to the effect that a certain horse, which had not been properly identified as the one which caused the injury to the plaintiff, had kicked at him, and the court admitted it over defendant's objection; whether the defendant's horse kicked was a vital issue in the case, and, apart from this testimony, the only evidence as to it was that of one other witness and an admission by the defendant; in its charge, the court stated as a fact that *O* had testified that the defendant's horse kicked. *Held:*—

1. That the testimony of *O* should have been excluded until the horse had been properly identified as that of the defendant, and its admission, under the circumstances of the case, was necessarily injurious to the defendant.

2. That while ordinarily no harm can result from a misstatement in the charge as to evidence, for the jury will recollect and weigh the evidence and will not be misled, and, generally, a single bit of evidence will not be of controlling influence, in this instance the jury could hardly have failed to follow the court's statement of *O's* testimony, to the manifest prejudice of the defendant, and that therefore the instruction was erroneous.

Testimony of a policeman that he had seen a chestnut horse thirty times standing in front of a place where the defendant was conducting building operations, and that he had seen the defendant driving a chestnut horse which looked like the horse which stood in front of this place, and it appeared that the defendant had only one chestnut horse and that it used to stand in front of this place, is a sufficient identification of the horse to admit proof of its viciousness in a case where this was an issue.

Questions of identity of this nature are preliminary and usually rest within the discretion of the trial court; but whether or not the court has exercised a reasonable discretion is always open to review.

Where testimony as to a certain fact is apparently given from personal knowledge, but later appears to have been based on hearsay, a motion to strike it out should be granted; where, however, a number of other witnesses have testified to that fact and it is uncontested, no harm can result from permitting the testimony to remain as part of the evidence.

Argued January 17th—decided April 21st, 1911.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, brought to the Superior Court in New Haven County and tried to the jury before *Bennett, J.;* verdict and judgment for the plaintiff for $1,000 damages, and appeal by the defendant. *Error and new trial ordered.*

*Benjamin Slade,* for the appellant (defendant).

*George E. Beers* and *Frederick C. Russell,* for the appellee (plaintiff).

WHEELER, J. The plaintiff's case tended to prove that the defendant left his horse hitched to a wagon on one side of Orange Street, New Haven, in part in the gutter, with another horse tied by a halter to the rear of the wagon, unattended, unguarded, and unharnessed.

The plaintiff was walking on the sidewalk of Orange Street when he came to a part of the walk blocked with sand, broken brick, and lumber, making the passage across the walk rough, and he thereupon, in the exercise of due care, left the walk, passed in the rear of the horse tied to the wagon and ten feet from him, and while thus walking parallel to the horse it swerved to the left, and kicked and injured him. The horse was a vicious and kicking horse.

The trial court construed the complaint, and we think properly so, as charging negligence in two ways: (a) In leaving the horse thus unguarded and in a location where it was likely to cause injury; and (b) in leaving a horse which had the vice of kicking, under such conditions and in such a location.

The charge is complained of in several particulars: 1. The court charged the jury that full and satisfactory proof of a single act of viciousness was sufficient to

warrant a jury in finding a verdict for the plaintiff, though the act must be such as to display the malevolent character of the animal. No objection is made that viciousness may not be found from a single act of the character described by the court. Our court so held in *Arnold* v. *Norton*, 25 Conn. 92, 95; note to *Emmons* v. *Stevane*, 24 L. R. A. (N. S.) 459 (77 N. J. L. 570). Nor is the complaint that the court omits in this connection to tell the jury that it must also be shown, to establish negligence of this nature, that the defendant had notice, actual or constructive, of the vicious act. The court so states, both before and after its statement which is the subject of criticism.

The ground of complaint is that the court left it to the jury to predicate its verdict upon the single act of viciousness known to the defendant irrespective of whether the plaintiff's negligence materially contributed to his injuries. If the court had failed in its charge to make it clear that the plaintiff's own negligence would bar his recovery, this criticism would be a just one. The court was at this point in the charge treating of one of the elements requisite to support a recovery, viz., one ground of negligence. In a subsequent part of the charge, it treated in an entirely adequate manner the subject of the plaintiff's contributory negligence. And at the beginning and toward the close of the charge were accurately summarized the elements of proof required to support a recovery.

2. The tenth assignment of error is a mere repetition by the court of a request to charge. The eleventh assignment of error relates to what the court says in regard to this request. It is not pursued in argument or brief, and the court's statement, that if the owner of a horse more likely to kick than another horse puts him in a place where it is liable to injure others, he is bound to keep in mind his knowledge of the horse,

and take such care as the ordinarily prudent person would take under such circumstances, was a reasonably accurate statement of the law for the purposes of the case, and expressed in terms within the comprehension of the jury.

3. The court charged that the foot-passenger had the legal right to travel on foot upon the traveled way whether the sidewalk was at that time passable or impassable. But whether the plaintiff in leaving the sidewalk for the traveled way acted with reasonable care at that time depends upon whether his conduct under the circumstances conformed to that of an ordinarily prudent person under the same circumstances. This is the law. Negligence as matter of law cannot be predicated upon the mere fact that a pedestrian leaves the sidewalk and walks in the roadway. A sleet or snow storm may compel this course. He may find the sidewalk obstructed or impassable. He may desire to cross the roadway. He may be left in the roadway on alighting from a car or an omnibus. He may be leading a cart or pushing a wagon. He may walk upon the roadway to escape the crowded sidewalk. These and other reasons may take him upon the traveled way. His legal right to be there is undoubted. The situation may be so dangerous that it would be negligence to walk in the roadway. The circumstances would determine that, and the negligence of the pedestrian cannot be asserted as matter of law, nor can his presence in the roadway be prima facie evidence of want of care. *Coombs* v. *Purrington*, 42 Me. 332, 335; *Barker* v. *Savage*, 45 N. Y. 191, 196; *Brooks* v. *Schwerin*, 54 id. 343, 347; *Raymond* v. *Lowell*, 6 Cush. (Mass.) 524, 530; *Eaton* v. *Cripps & Brothers*, 94 Iowa, 176, 180, 62 N. W. 687; note to *Borg* v. *Spokane Toilet Supply Co.*, 19 L. R. A. (N. S.) 160, 161 (50 Wash. 204); *Boss* v. *Litton*, 5 Carr. & Payne,

407; 2 Elliott on Roads & Streets (3d Ed. 1911) p. 625; 5 Thompson on Neg. (Ed. 1905) § 6298.

This disposes of the defendant's contention that he had a right to assume that so long as the sidewalk remained passable the plaintiff would make use of it, and not be in the roadway, where he might come in contact with his horse standing in the gutter.

We come now to the reasons of appeal relating to rulings upon evidence.

1. The testimony of Dr. Baldwin that he found the plaintiff had been spitting blood was apparently made upon personal knowledge, and, when it became apparent that this statement was based on hearsay, the motion to strike out this testimony should have been granted.

It appears in the finding that the fact of the spitting of blood was testified to by a number of other witnesses and contradicted by none. This was therefore one of the uncontested facts in the case, and the defendant was not harmed by the ruling permitting the doctor's statement, though hearsay, to remain as part of the evidence.

2. The witness O'May testified that he was a hostler for a veterinary, and while he was there a chestnut horse was left at his employer's stable. The witness said he knew the horses the defendant then had. To the offer to show that this horse kicked at the hostler, objection was made because the horse had not been identified as the defendant's. The objection was overruled, the evidence admitted, and an exception duly taken. At a subsequent stage of the case the defendant testified that he had only one chestnut horse.

These are all the facts before us tending to connect the ownership of this chestnut horse whose vicious conduct is admitted in evidence as the conduct of the horse which caused the plaintiff's injuries. The jury must have so considered it, since counsel claimed the evidence and the court admitted it for that purpose.

And in the charge the court referred to it as one of the proven facts in the case. Whether the horse kicked was a vital issue in the case, and the entire evidence, as the charge recites, upon that subject was confined to the testimony of one witness together with an admission by the defendant, apart from this testimony by O'May. Necessarily the admission of this evidence was injurious to the defendant, and, until the identity of the horse had been shown, it ought to have been excluded. . It is possible the identity did appear in the evidence, for it. not infrequently happens that trial courts through inadvertence incorporate in the finding the statement of a ruling on evidence as made in a request by counsel which fails to give in brief form sufficient facts to enable this court to have before it the completed picture before the trial court.

3. The court referred to the testimony of O'May in its charge. When the trial court in its comments upon the evidence misstates the evidence of a witness, ordinarily no harm can result, for the jury will recollect and weigh the evidence and will not be misled by the court's slip, and generally a single bit of evidence will not be of controlling influence. *Gulliver* v. *Fowler*, 64 Conn. 556, 567, 30 Atl. 852. In this instance the court stated as a fact that O'May testified that the defendant's horse kicked, when O'May had not so testified, and thus pointedly directed the attention of the jury to evidence which had been admitted in proof of a fact which it did not tend to prove. Under those circumstances, the jury could hardly have failed to follow the court's statement of O'May's testimony and to the manifest prejudice of the defendant. This we regard under these circumstances an erroneous instruction.

4. The defendant called as a witness a police officer, who said he had during a period of two months seen a chestnut horse probably thirty times standing on a

street in front of a place where the defendant was conducting business operations. The officer said he had seen the defendant driving a chestnut horse, and that the horse standing there looked like the chestnut horse he had seen the defendant driving. The defendant testified he had only one chestnut horse, and that it used to stand in front of this place. The defendant inquired of the witness as to the behavior of the horse at these times. The court excluded the evidence because the horse had not been identified sufficiently.

The evidence was very material upon the question of the viciousness of the horse, and we think the identification was so clearly shown that the evidence should have been admitted. Questions of identity of this nature are preliminary, and usually rest within the discretion of the trial court. *Harris* v. *Ansonia*, 73 Conn. 359, 364, 47 Atl. 672. Whether the court has exercised a reasonable discretion or not is always open to review. *In re Durant*, 80 Conn. 140, 149, 67 Atl. 497; *State* v. *Main*, 69 Conn. 123, 141, 37 Atl. 80; *Hygeia Distilled Water Co.* v. *Hygeia Ice Co.*, 70 Conn. 516, 532, 40 Atl. 534; *Barber* v. *International Co.*, 73 Conn. 587, 600, 48 Atl. 758.

The other objection to the evidence admitted is not likely to arise again, and neither it nor other portions of the charge complained of are of sufficient importance to require consideration.

There is error and a new trial is ordered.

In this opinion the other judges concurred.