### ELLEN WILLIAMS *vs.* PATRICK GREALY.

It cannot be determined that there was error in a refusal to rule that a foot passenger, who was injured by a runaway horse at a street crossing, was not in the exercise of due care, from the mere fact that she did not look as she crossed to see if anything was coming, when it appears that at the trial there was other and unreported evidence which bore upon that question.

Where the question of due care on the part of the defendant depends upon many considerations and circumstances, it is not a question of law for the court, but is a question of fact for the jury.

TORT for damages received by the plaintiff from the runaway horse of the defendant. Trial in the Superior Court, before *Lord*, J., who, after verdict for the plaintiff, reported the case for the determination of this court.

At the trial, it appeared that the plaintiff was in the act of crossing Leverett Street, in Boston, on the crossing at the corner of Brighton Street, on her way to a bakery, when the defendant's horse, which at the time was attached to a light wagon, ran against her at great speed and injured her; that the horse was under the control of the defendant, a teamster, who in the course of his business had driven him into a freight yard of the Boston & Lowell Railroad Company; that he had never driven the horse before; that the horse had never before been harnessed to that wagon or had that harness upon him; that before the defendant drove into the yard, a driver of the defendant had driven into the yard a large wagon with a horse attached, and backed the large wagon up against a door of one of the freight houses in the yard, at right angles to the line of the house, at a point more than ninety-five feet from the gateway; that the horse attached to the wagon faced outward from the house; that the defendant drove his horse, with the light wagon attached, into one of the angles formed by the large wagon and the house, the horse facing inward to the house, with his head near the door; that the yard was inclosed in such a manner that there was only one opening or gateway from it to the highway; that the horse, while standing in the angle, more than ninety-five feet from the gateway, with his back to it, suddenly turned completely around,

ran out of the yard on to the highway, and there ran against the plaintiff. There was some evidence tending to show that the horse had been frightened by the noise of escaping steam from an engine, which was not within sight of the horse, (a building of at least eighteen feet in height being between it and the horse,) and that the horse turned suddenly round at the time this noise was made, and ran; that when he turned to run, the defendant and a servant of his were unloading bales from the other wagon, and were at the side of the wagon attached to the horse which ran away, and within eight feet of the horse at the time he turned to run. There was also some evidence tending to show that the horse had been used very little before the time of the accident. The defendant and his servant pursued the horse immediately after it started to run away. The gateway was in full view of the point from which the plaintiff commenced crossing the street, and was at least two hundred feet distant from it. The street itself, between the curbstones on each side, was only about twenty-eight feet wide. The plaintiff came in contact with the horse after crossing to within four feet of the curbstone on the side to which she was crossing.

The plaintiff testified that she was injured while crossing the street, but did not know by what means, and offered no direct evidence, in terms, that she looked up or down the street before attempting to cross, or that she took any view of the street to see if there were any horses or vehicles on the street moving towards her. Several witnesses testified to having been in the street at the time, some to seeing the plaintiff before, some at the time, and some after she was struck by the horse, and each testified to what he saw of the plaintiff and of the horse. The plaintiff remained unconscious several hours after the injury. There was uncontradicted evidence that, after she had received, the injury, she told one of the witnesses that she took no notice, and did not look to see if anything was coming towards her.

The judge, in instructing the jury, stated that in the matter in issue the plaintiff was bound to exercise "reasonable" care, and explained the meaning of reasonable, in a way to which no exception was taken.

Williams *v.* Grealy.

The counsel for the defendant requested the court to instruct the jury : 1. That as the plaintiff had not offered any evidence tending to show she was using due care at the time she received the injury, she was not entitled to recover. 2. That if the jury found that the noise made by the engine caused the horse to run, then the plaintiff was not entitled to recover. These rulings the presiding judge refused to give. If either of them should have been given, a new trial was to be granted.

No question was made at the trial, and no instruction was asked upon the question whether, as matter of law, the conduct of the defendant showed proper care. The presiding judge, however, deemed the question of sufficient importance to reserve it. If, as matter of law, it was due care on the part of the defendant to leave the horse in the angle formed by the horse and wagon on one side and the freight-house on the other, (assuming the horse to be one that is safe under ordinary circumstances, and accustomed to stand without tying,) a new trial was to be granted ; and if it was a material question whether such a horse, by reason of the fact that he had been for some time unused, or was in an unaccustomed harness or vehicle, required a different and higher degree of care, this question was to be open to the jury upon the new trial.

*C. F. Donnelly*, for the defendant.

*W. A. Munroe*, for the plaintiff.

CHAPMAN, C. J. The question is reserved whether the judge erred in refusing to instruct the jury that there was no evidence tending to show that the plaintiff was using due care at the time she received the injury, and is not entitled to recover. She was crossing Leverett Street, which was but twenty-eight feet wide, at the corner of Brighton Street, on her way to a bakery, and was within four feet of the curbstone when the defendant's runaway horse, attached to a light wagon, ran against her with great speed and injured her. The judge instructed the jury that she was bound to exercise reasonable care, and sufficiently explained the meaning of the term reasonable. His instructions were not excepted to. The report does not state her situation, circumstances or conduct except that she was a witness, and testified that she

was injured while crossing the street, but did not know by what means ; that she offered no direct evidence that she looked up or down the street before attempting to cross, or that she took any view of the street to see if there were any horses or vehicles in the street moving towards her. She remained unconscious for several hours after the injury. There was evidence that she said after the injury that she took no notice, and did not look to see if anything was coming towards her. This part of the evidence seems to be stated with a view to raise the question whether these negative facts are not conclusive proof of negligence, but we are left in ignorance of what was proved as to what other objects were in the street, or whether the horse could have been seen by her, or what was her manner of crossing the street, although it appears that other witnesses testified to having been in the street at the time, some seeing the plaintiff before, some at the time, and some after she was struck by the horse, and each testified to what he saw of the plaintiff and the horse. But the mere fact of not looking when one attempts to cross a railroad is not conclusive evidence of want of care. *Chaffee* v. *Boston & Lowell Railroad Co*. 104 Mass. 108. Much less is it so in crossing a street ; and in the absence of all evidence of the circumstances, we can see no error in the refusal of the judge to rule as requested.

The question whether, as matter of law, it was due care on the part of the defendant to leave the horse where he was left unfastened, under the circumstances, which are stated at great length in the report, was a question of fact which was properly submitted to the jury, and it would have been improper to rule that, as matter of law, the defendant used due care.

*Judgment on the verdict.*