JOSEPH SCHIENFELDT *vs.* LAWRENCE B. NORRIS.

Suffolk.   March 4, 1874.   WELLS & ENDICOTT, JJ., absent.

In an action of tort to recover damages for injuries sustained by the plaintiff in being run over by a wagon, the evidence for the plaintiff tended to show that before crossing the street, he looked both ways and had time to go across; that a wagon going with unusual speed, knocked him down; that the street was paved and he did not hear the wagon; that he was a few minutes crossing, and was in the middle of the street when struck; that he was not standing still at the time and was looking straight ahead; that the driver of the wagon admitted seeing the plaintiff six feet off   The evidence for the plaintiff as to the noise the wagon made was conflicting.   The defendant put in evidence tending to show that the street was paved; that the wagon was a heavy one and had a heavy load; that the distance from the place where the wagon turned into the street to the place of the accident was six hundred and forty-four feet; that the street was a straight one, and that there was no other carriage on the street.   At the close of all the evidence the defendant requested the judge to rule that the plaintiff had not shown that he was using due care, and had not shown negligence on the part of the defendant.   The judge declined so to rule, and submitted the case to the jury, who found for the plaintiff.   *Held,* that the questions were rightly submitted to the jury upon the evidence.

TORT, to recover damages for injuries sustained by the plaintiff in being run over by a wagon in charge of the defendant's servant in a public street, in the city of Boston.   Trial in the Superior Court before *Putnam,* J., who, after a verdict for the plaintiff, allowed the following bill of exceptions :

" The evidence introduced by the plaintiff to show ordinary care on his own part and negligence on the part of the defendant's servant, was as follows: The plaintiff testified: 'I keep store on Federal Street.   On Friday, September 8, 1871, at quarter past seven o'clock in the morning, I was going to my store and crossing Federal Street.   I looked both ways, and had time to go through.   A wagon going very fast knocked me down.   The shaft hit me on the head and the back wheel went over me.   I knew nothing till I was taken into the house.'   *Cross-examination.*   ' I looked up and down the street, both ways, before I undertook to cross, but saw no carriage.   I could see a quarter of a mile up the street in the direction from which the wagon came.   I saw the wagon at the same time it knocked me down.   The street is paved.   I did not hear the wagon nor the men.   I was a few minutes crossing.   I was right in the middle of the

street, in the horse car track, when I was struck. I was moving, not standing still, looking straight ahead.'

" Dennis J. Callahan testified : ' I was at my store, 273 Federal Street, and saw the mail wagon coming with unusual speed. Saw the plaintiff crossing. The team struck him and knocked him down. The team went the length of this room before it stopped. I can't tell the rate of speed, but the wagon was going faster than usual. The plaintiff was almost in the middle of the street when I saw him, walking leisurely. Was going at an ordinary rate. I am certain he was not standing still when he was struck. The wagon was going pretty fast, ten miles an hour. Have seen the same wagon every morning for a year and a half, and never saw it going so fast as on this occasion. After striking plaintiff, driver did not slacken his speed until after going the length of this court room. Did not hear the driver shout at all.' *Cross-examined.* ' I was near where the plaintiff crossed. I was two houses from there, and in the opposite direction from which the wagon was coming. The team was fifty yards up the street when I saw it coming. It did not make a great deal of noise. I can't tell how far I heard it.'

" James Dillon testified : ' I was hanging out things at my store on Federal Street when the plaintiff was run over. The wagon could be seen forty or fifty yards before it reached the plaintiff. I first saw it ten or fifteen yards from the place where the man was run over, and after the crowd had collected about him, heard nothing from the driver. The wagon did not stop less than forty or fifty yards from the same. It was going unusually fast.'

" James Mahan testified : ' I saw the accident. I was standing on site East Street, looking down Federal Street. The team was coming pretty lively, eight or ten miles an hour. I saw the old man crossing. I don't suppose they saw him. I did not see him till he was hit. Wagon went about a hundred feet before it hauled up.' *Cross-examined.* ' I was on the sidewalk, twenty-five or thirty feet off. Saw the team come into Federal Street from Broad Street. I saw and heard it four hundred or five hundred feet off. There were other people crossing and passing, but there was no other carriage. The wagon was rattling considerable. Did not hear men cry out ; the wagon made noise enough to drown their voices.'

" Phebe Schienfeldt testified : ' The driver told me he saw the plaintiff six feet off. I asked him if he could not turn his horse. He said it was not so easy.'

" At the close of the plaintiff's evidence the defendant requested and the judge refused a ruling that the plaintiff had not shown that he was using due care at the time of the accident, and had not shown negligence on the part of the defendant's servant. The defendant then offered evidence tending to show that Federal Street, where the accident occurred, was paved with stone ; that the wagon was a heavy one, weighing sixteen or seventeen hundred pounds, and had a load of mail matter weighing about fifteen hundred pounds; that the distance from the end of the street, where the wagon turned into the street, to the place of the accident, was six hundred and forty-four feet; that the street was a straight one, and that there was no other carriage on the street.

" At the conclusion of all the evidence the defendant requested the court to rule that there was no such evidence of ordinary care on the part of the plaintiff, or want of ordinary care on the part of the defendant's servant, as to authorize the jury in finding for the plaintiff ; which the judge refused and submitted the case to the jury, and the defendant excepted."

*H. F. French*, for the defendant, cited the following cases : *Warren* v. *Fitchburg Railroad*, 8 Allen, 227, 230 ; *Allyn* v. *Boston & Albany Railroad*, 105 Mass. 77 ; *Wheelock* v. *Boston & Albany Railroad*, 105 Mass. 203 ; *Gilman* v. *Deerfield*, 15 Gray, 577; *Steele* v. *Burkhardt*, 104 Mass. 59, 62; *Winn* v. *Lowell*, 1 Allen, 177 ; *Counter* v. *Couch*, 8 Allen, 436 ; *Butterfield* v. *Western Railroad*, 10 Allen, 532 ; *Commonwealth* v. *Fitchburg Railroad*, 10 Allen, 189 ; *Reed* v. *Deerfield*, 8 Allen, 522 ; *Bancroft* v. *Boston & Worcester Railroad*, 97 Mass. 275 ; *Burns* v. *Boston & Lowell Railroad*, 101 Mass. 50 ; *Snow* v. *Housatonic Railroad*, 8 Allen, 441 ; *Gahagan* v. *Boston & Lowell Railroad*, 1 Allen, 187 ; *Ince* v. *East Boston Ferry*, 106 Mass. 149.

*L. M. Child*, for the plaintiff, was not called upon.

BY THE COURT. The questions of ordinary care on the part of the plaintiff and negligence on the part of the defendant were rightly submitted to the jury upon the evidence.

*Exceptions overruled.*