JOHN W. BOWSER *vs.* HOMER WELLINGTON.

Suffolk. March 7, 1879. MORTON & ENDICOTT, JJ., absent.

In an action for personal injuries occasioned to the plaintiff in being run over, while crossing a street, by a horse and wagon coming behind him from another street, the fact that the plaintiff does not show that he looked up and down the street before crossing is not conclusive evidence, as matter of law, that he was not in the exercise of due care.

TORT for personal injuries occasioned to the plaintiff in being run over by a horse and wagon driven by the defendant, while crossing Devonshire Street in Boston. Answer, a general denial.

At the trial in this court, before *Soule,* J., the plaintiff testified that he was about sixty-four years old; that he was on his way to Faneuil Hall Market about eleven o'clock in the forenoon; that he walked down Cornhill across Washington Street, and kept along the sidewalk to Devonshire Street; that he had taken, perhaps, four steps in crossing Devonshire Street when he was suddenly struck down from behind by a horse and wagon driven by the defendant; that he did not see the horse and wagon approaching, nor hear them; that they appeared to be moving with great swiftness, as he inferred from the violence with which he was struck; that he thought the horse or shaft struck him first, as the horse swung around the corner; and that the wagon made no noise, because the street had been recently covered.

Flora S. Russell testified that she saw the accident; that she

was walking down Cornhill, a short distance behind the plaintiff, and on the same sidewalk with him, and was about to cross Devonshire Street when the accident occurred; that the plaintiff was walking in the ordinary way in which any person would walk; and that all she could say was that a horse and wagon came very rapidly and ran over the plaintiff before he was half across the street, but she could not say where they came from.

The defendant testified that he drove slowly down Brattle Street, across Cornhill, and slackened his speed to a walk; that he saw the plaintiff crossing the street some twenty feet before he reached him; that he thought there was room to pass behind him, and should have succeeded in doing so, but the plaintiff staggered back against his horse, striking the horse about midway the length of his body; and that there was no vehicle or horse between his horse and the plaintiff after he first saw the plaintiff.

There was no evidence as to whether the plaintiff looked up or down the street before or while crossing. There was contradictory evidence as to whether the plaintiff was intoxicated, or not, at the time of the accident, and staggered back.

This was all the evidence on the question whether the plaintiff used due care; and the defendant asked the judge to rule that there was no evidence which would warrant the jury in finding that the plaintiff was in the exercise of due care. But the judge declined so to rule; and submitted the case to the jury, under instructions not excepted to.

The jury returned a verdict for the plaintiff for $3000; and the defendant alleged exceptions to the refusal to rule as requested.

*H. N. Sheldon*, for the defendant, cited *Gahagan* v. *Boston & Lowell Railroad*, 1 Allen, 187; *Butterfield* v. *Western Railroad*, 10 Allen, 532; *Crafts* v. *Boston*, 109 Mass. 519; *Deyo* v. *New York Central Railroad*, 34 N. Y. 9.

*A. A. Ranney*, for the plaintiff, was not called upon.

BY THE COURT. The decisions as to the degree of care required at a railroad crossing are not applicable to this case. *Lynam* v. *Union Railway*, 114 Mass. 83. It was for the jury to judge whether the plaintiff should have looked behind him when crossing the street, and whether, under all the circumstances, he used proper care. *Schienfeldt* v. *Norris*, 115 Mass. 17.

*Exceptions overruled.*