## MARY SHAPLEIGH vs. MERRILL WYMAN.

Essex. Nov. 9, 1882. — Jan. 9, 1883. C. ALLEN, COLBURN & HOLMES, JJ., absent.

In an action for personal injuries occasioned to a woman sixty-seven years old, by being knocked down by a horse and wagon, while crossing a street on some flagstones at a point where the street forms a junction with two other streets, all much travelled, in the compact part of a city, the fact that, before attempting to cross and while crossing, she did not look up or down the street but straight ahead, is not conclusive evidence of a want of due care on her part; but the question is rightly submitted to the jury.

TORT for personal injuries. Answer, a general denial. Trial in the Superior Court, before *Rockwell*, J., who allowed a bill of exceptions, in substance as follows :

The plaintiff testified that she was sixty-seven years old ; that on November 24, 1881, about three o'clock in the afternoon, she passed down the southerly side of Granite Street in Haverhill to certain flagstones, which were shown by a plan put in evidence to be located at a point where Granite Street, Essex Street and Locust Street form a junction ; that she saw nothing in her way, and stepped on the flagstones, with the intention of passing over to Locust Street ; that when she got half-way across Essex Street, while on the flagging, she felt the wheel of the plaintiff's carriage strike her on the right arm ; and that she was then thrown down and injured by the wheel. On cross-examination, she testified that, when she reached the flagging, she looked straight ahead ; that she did not look up or down Essex Street, but followed the flagging, looking straight ahead ; that she did not see the defendant's horse or wagon before she was struck, and did not know which way it came from ; that there was nothing to prevent her looking up and down Essex Street; and that it was not her business to do so. This evidence of the plaintiff with regard to the care she used before she stepped on the flagging, and while on the same, was not modified or contradicted by any evidence in the case.

The plaintiff further testified that she was in company with a woman seventy-eight years old, who stepped on the flagging with her, but who had reached the other side of the street by the time the accident occurred.

Granite, Essex, Locust and Wingate Streets are much travelled streets in the compact part of Haverhill. The defendant drove down Wingate Street, and then up Essex Street to the flagging, where the accident occurred. Wingate Street runs parallel to Granite Street, and enters Essex Street on its westerly side about one hundred and fifty feet south of Granite Street. Evidence was introduced on both sides as to the care or negligence of the defendant, but there was no evidence that he intentionally ran into the plaintiff.

At the close of the plaintiff's evidence, the defendant asked the judge to rule that there was no evidence of due care on the part of the plaintiff. But the judge ruled that the question of due care on the plaintiff's part was for the jury; and the defendant excepted. The defendant then introduced the evidence of care on his part; and asked the judge to rule that the plaintiff was not entitled to recover. The judge refused so to rule; and instructed the jury that if the plaintiff, while in the exercise of due care, was injured by reason of the defendant's negligence, the plaintiff was entitled to recover.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*B. B. Jones*, for the defendant.

*W. H. Moody*, for the plaintiff.

DEVENS, J. We have heretofore held that the decisions as to the degree of care required at a railroad crossing do not afford a proper test of the care which is demanded of one, who, in passing from one side to the other of a public street or way, must necessarily have suitable regard to the vehicles lawfully travelling thereon. The same degree of watchfulness is not required as when a railway train, which is usually run at a higher rate of speed, and is confined to a track from which it cannot deviate, and cannot be checked suddenly, except with difficulty and hazard, has a right to use a particular portion of the highway. *Lynam* v. *Union Railway*, 114 Mass. 83. *Bowser* v. *Wellington*, 126 Mass. 391.

The mere fact that the plaintiff did not look up or down Essex Street, but straight ahead, when she stepped upon the flagging stones to cross, is not conclusive of a want of due care on her part, which contributed or may have contributed to the

accident. *Williams* v. *Grealy*, 112 Mass. 79. *Schienfeldt* v. *Norris*, 115 Mass. 17. Had she done so, it does not appear that she could have seen the vehicle by which she was injured, nor indeed that it was in Essex Street at the time. The fact that her companion, a woman of seventy-eight years of age, (she herself being sixty-seven,) had already reached the opposite side of the street when the injury occurred, tended to show that she had not rashly undertaken to cross.

Nor was the circumstance that, at the time the plaintiff was struck, she was not looking "up or down Essex Street, but followed the flagging, looking straight ahead," conclusive against her. In the most carefully kept streets, the slipperiness produced by the damp mud brought by their use upon the flagstones may often be such as to require for the time being the whole attention of the traveller, especially if she be a person somewhat advanced in years.

The question of due care on the part of the plaintiff was therefore properly submitted to the jury.

*Exceptions overruled.*