MARY A. MURPHY *vs.* ARMSTRONG TRANSFER COMPANY.

Suffolk.   November 19, 20, 1896. — November 24, 1896.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Personal Injuries — Collision at Street Crossing — Due Care — Negligence —
Law and Fact.*

If a person, while passing in the usual way, about six o'clock in the evening, over
a crosswalk at the junction of two streets, looking before him, is struck, when
about half way over the crossing, and injured by the horses attached to a
hack with lighted lanterns and going at a slow trot, there being also lights in
stores on the corners of the streets and no other team in the vicinity, whether
he was in the exercise of due care and the driver of the horses was negligent
are questions of fact for the jury in an action for the injury.

TORT, for personal injuries occasioned to the plaintiff, in
colliding with the horses attached to a hack and driven by the
defendant's servant.

At the trial in the Superior Court, before *Blodgett,* J., after
the evidence was all in, the defendant requested the judge to rule
as follows: "1. Upon all the evidence in the case, the plain-
tiff is not entitled to recover. 2. There is no evidence in the
case that the plaintiff was herself in the exercise of due care.
3. There is no evidence in the case that the plaintiff's injuries
were due to the negligence of the defendant, or of any agent or
servant of the defendant." But the judge refused so to rule.

The jury returned a verdict for the plaintiff; and the defendant
alleged exceptions. The facts sufficiently appear in the opinion.

*M. F. Dickinson, Jr. & M. Holbrook,* for the defendant.

*H. F. Naphen & W. J. Miller,* for the plaintiff.

KNOWLTON, J. In this case the evidence of negligence on
the part of the defendant's driver is inconsiderable, and the

evidence of due care on the part of the plaintiff is still less. From the printed report of the evidence in the bill of exceptions, it seems probable that the negligence of the plaintiff contributed more largely to the accident than negligence of the defendant's servant; but we cannot say, as matter of law, that there was no evidence that the driver was negligent. He testified that he did not see the plaintiff until the collision occurred. He was driving a hack drawn by two horses, at a slow trot, at a little after six o'clock in the evening of October 4, 1893, southward along Hudson Street in Boston, across Harvard Street. He testified that the lanterns on his hack were lighted, and there was evidence tending to show that there were lights in grocery stores on both corners of Hudson and Harvard Streets on the northerly side of Harvard street. The plaintiff was crossing Hudson Street on the cross walk on the southerly side of Harvard Street. The evidence tended to show that there was no other team in the vicinity, and the jury might have found that he was negligent in not looking before him before he crossed Harvard Street so carefully as to discover the plaintiff before his horses struck her.

The plaintiff testified that she was going westward along the southerly side of Harvard Street in the usual way, looking before her, and that when she got a little more than half way across Hudson Street she was struck and thrown down on the crossing, and when she recovered her consciousness she was under the feet of the horse on the right hand side, — that is, on the westerly side of the pole. There was evidence tending to show that she was mistaken in regard to the place where she found herself in her account of the collision ; but whether she was or was not was a question of fact for the jury. If they believed her testimony, it indicated that she had passed beyond the centre of the line of travel of the team before the collision, and that the horse at the right of the driver ran against her. It has repeatedly been held that the mere failure of a pedestrian to look and listen for approaching teams, as he passes over a crosswalk at the junction of two streets, is not necessarily such negligence as will prevent recovery if he is run over by a passing team. *Shapleigh* v. *Wyman,* 134 Mass. 118. *Purtell* v. *Jordan,* 156 Mass. 573, 577. *Benjamin* v. *Holyoke Street Railway,* 160 Mass. 3.

If it appears that a plaintiff was walking along in the usual way where persons are accustomed to walk, it is ordinarily a question of fact for the jury whether, in so walking at the time of the accident, he was in the exercise of due care. *Purtell* v. *Jordan, ubi supra. Williams* v. *Grealy,* 112 Mass. 79. *Bowser* v. *Wellington,* 126 Mass. 391. *Rand* v. *Syms,* 162 Mass. 163. *Robbins* v. *Springfield Street Railway,* 165 Mass. 30.

We are of opinion that in the present case there was evidence proper for the consideration of the jury in support of the proposition that the plaintiff was in the exercise of due care.

*Exceptions overruled.*