FRANK STINSON *vs.* CHARLES KENNY & another.

Suffolk.     March 15, 1900. — June 21, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Collision of Carriage and Bicycle — Negligence — Due Care — Instructions.*

At the trial of an action for personal injuries, there was testimony tending to show that the plaintiff came down C. Street on the right hand side towards W. Street, and that he was riding slowly and ringing the bell of his bicycle, and that before crossing W. Street he looked northerly and saw the hack driven by the defendant's servant, and "tried to make a sharp turn to get out of the way of the carriage, but he (meaning evidently the driver) made a turn quickly, then the pole caught me and knocked me off my bicycle and threw me underneath the horses' feet." The plaintiff had no lamp on his bicycle, and C. Street was dark but W. Street was light. There was testimony for the defendant that the plaintiff was riding very fast, and that he was on the left hand side of C. Street. There was also testimony for the plaintiff that the defendant's servant was driving very fast, and, as tending to corroborate that, that the hack went forty or fifty feet after the collision before it stopped, and that after the driver had dismounted the passenger told him to get on and go where he was going, that he wanted to get there in a hurry. The driver also testified on cross-examination that if the plaintiff was on the right hand side of C. Street and riding slowly, he would have seen him if he had looked. *Held,* that the questions of the due care of the plaintiff and of the negligence of the defendant's driver were for the jury.

In an action for personal injuries a ruling requested by the defendant " that the whole evidence is as consistent with plaintiff's want of due care as with his exercise of due care, and he is not entitled to recover," is rightly refused, whether it was so or not being a question of fact, under proper instructions, for the jury.

TORT, for personal injuries occasioned to the plaintiff by the alleged negligence of the defendants' servant in control of a hack drawn by two horses, with which the plaintiff collided while riding his bicycle across W. Street in Boston. At the trial in the Superior Court, before *Aiken*, J., the jury returned a verdict for the plaintiff; and the defendants alleged exceptions, which appear in the opinion.

*G. L. Wilson*, for the defendants.

*R. L. Raymond*, for the plaintiff.

MORTON, J. We think that there was evidence for the jury on the question of the plaintiff's due care. There was testimony tending to show that the plaintiff came down Corning Street on the right hand side towards Washington Street, and that he was riding slowly and ringing his bell, and that before crossing Washington Street he looked northerly and saw the hack, and tried to cross over and get out of its way; or, as the plaintiff himself testified, " tried to make a sharp turn to get out of the way of the carriage, but he (meaning evidently the driver) made a turn quickly, then the pole caught me and knocked me off my bicycle and threw me underneath the horses' feet." The plaintiff had no lamp on his bicycle, and Corning Street was dark but Washington Street was light. There was testimony for the defendants tending to show that the plaintiff was riding very fast, and that he was on the left hand side of Corning Street. But the issue thus raised was plainly one for the jury.

We also think that there was evidence for the jury on the question of the driver's negligence. There was testimony tending to show that he was driving very fast, and, as tending to corroborate that, that the hack went forty or fifty feet after the collision before it stopped, and that after the driver had got off the hack the passenger told him to get on and go where he was going, that he wanted to get there in a hurry. The driver also testified on cross-examination that if the plaintiff was on the right hand side of Corning Street and riding slowly, he would have seen him if he had looked. This testimony, with the other testimony in the case, justified the court in submitting the question of the driver's negligence to the jury.

The ruling requested by the defendant " that the whole evidence is as consistent with the plaintiff's want of due care as with his exercise of due care, and he is not entitled to recover," was rightly refused. Whether it was so or not was a question of fact, under proper instructions, for the jury. To have given the ruling would have withdrawn from the jury the question of the plaintiff's due care, of which there was evidence.

*Exceptions overruled.*