DELIA HENNESSEY *vs.* JOHN D. TAYLOR.

Bristol.    October 23, 1905. — December 4, 1905.

Present: KNOWLTON, C. J., LATHROP, LORING, BRALEY, & SHELDON, JJ.

*Negligence*, On highway. *Automobile.*

A traveller on foot is not necessarily negligent because he starts to cross a street without first looking or listening to ascertain whether an automobile is approaching. Such a traveller has a right to assume that other persons using the highway with him will exercise a proper degree of care.

If one driving an automobile on a public street sees a woman on the curbstone fifty feet ahead signal to an electric car to stop and then start to cross to it, and if

thereupon he runs more slowly but in passing strikes the woman and throws her to the ground he can be found to be negligent and liable for the injuries thus caused.

TORT for personal injuries alleged to have been caused by the negligence of the defendant in running down the plaintiff with his automobile while she was crossing South Main Street in Fall River at half past four o'clock on the afternoon of October. 19, 1903, for the purpose of taking an electric car. Writ dated November 30, 1903.

At the trial in the Superior Court before *White*, J. the defendant at the close of the evidence requested the judge to rule, 1, that upon all the evidence in the case the plaintiff was not entitled to recover, 2, that there was no sufficient evidence to warrant a verdict that the plaintiff was in the exercise of due care, and 3, that there was no sufficient evidence that would warrant the jury in finding that the defendant was negligent.

The judge refused to rule as requested and submitted the case to the jury with full instructions not excepted to, including a specific instruction that the plaintiff could not recover under her declaration if the jury found that the automobile had been stopped before the collision. The jury found for the plaintiff in the sum of $700; and the defendant alleged exceptions.

*D. F. Slade*, for the defendant.

*E. Higginson*, (*J. W. Cummings* with him,) for the plaintiff.

BRALEY, J. At the time of the accident the parties were travellers upon the highway, the plaintiff on foot, the defendant in his automobile. Their respective rights and reciprocal duties have been often defined that although each had the right to pass and repass, neither could so negligently exercise this right as to injure the other. *O'Brien* v. *Blue Hill Street Railway*, 186 Mass. 446, 447, and cases cited. Having come into collision, the usual questions of due care on the part of the plaintiff and negligence of the defendant are raised.

Ordinarily these are issues of fact for the jury. *Purtell* v. *Jordan*, 156 Mass. 573. And no facts are disclosed in the present case to take it out of this general rule.

The plaintiff desiring to become a passenger on an electric car which was about to pass on the opposite side of the street gave the usual signal. When the car stopped she started to

walk across. According to her evidence she looked to see if there was any danger, but did not observe the defendant's automobile, nor hear any signal of its approach sounded. The only witness called by her, and who stood by her side before she attempted to board the car, had observed the defendant's machine at some distance, but it is not shown that this information was communicated to the plaintiff.

It cannot be said that there was a balancing of probabilities by the plaintiff, with a willingness to take the risk of safely getting over before the defendant came up, as might have been the fact in *Whitman* v. *Boston Elevated Railway*, 181 Mass. 138. Or where in a spirit of apparent indifference plaintiffs voluntarily have exposed themselves to the chance of serious injury. *Kelly* v. *Wakefield & Stoneham Street Railway*, 175 Mass. 331. *Hurley* v. *West End Street Railway*, 180 Mass. 370. *Creamer* v. *West End Street Railway*, 156 Mass. 320. *Mathes* v. *Lowell, Lawrence & Haverhill Street Railway*, 177 Mass. 416. *Donovan* v. *Lynn & Boston Railroad*, 185 Mass. 533. *Judge* v. *Elkins*, 183 Mass. 229.

If she had seen the defendant's machine approaching, and decided it was sufficiently distant to enable her safely to pass she might have been found by the jury to have exercised due care, though the accident proved that her judgment was erroneous. *Coleman* v. *Lowell, Lawrence & Haverhill Street Railway*, 181 Mass. 591.

The defendant puts much emphasis on her language that " she did not see any automobile coming," contending that she had seen it arrive and come to a stop before she attempted to cross. But it was for the jury to interpret her meaning, and also to determine how far any failure by her to more fully and carefully observe the amount or kind of travel in the street was indicative of such want of care as ought to bar her recovery. *Wrinn* v. *Jones*, 111 Mass. 360. *Williams* v. *Grealy*, 112 Mass. 79. *Schienfeldt* v. *Norris*, 115 Mass. 17. *Carland* v. *Young*, 119 Mass. 150. *Bowser* v. *Wellington*, 126 Mass. 391. *Shapleigh* v. *Wyman*, 134 Mass. 118. *Benjamin* v. *Holyoke Street Railway*, 160 Mass. 3. *Murphy* v. *Armstrong Transfer Co.* 167 Mass. 199. *McCrohan* v. *Davison*, 187 Mass. 466.

There is no imperative rule of law which has been called to

our attention generally requiring a pedestrian when lawfully using the public ways to be continuously looking or listening to ascertain if autocars are approaching, under the penalty that upon failing to do so, if he is injured, his negligence must be conclusively presumed. See *Robbins* v. *Springfield Street Railway*, 165 Mass. 30.

It has, indeed, been held that a traveller upon a highway knowing that it is crossed by a railroad at grade, who passes on to the crossing without looking to ascertain if a train is coming, and is thereby injured, is guilty of such contributory negligence as to preclude his recovery. *Butterfield* v. *Western Railroad*, 10 Allen, 532.

The reason for this rule was stated by Mr. Justice Morton in *Allyn* v. *Boston & Albany Railroad*, 105 Mass. 77, to be that, " A railroad crossing is a place of danger, and common prudence requires that a traveller on the highway, as he approaches one, should use the precaution of looking to see if a train is approaching. If he fails to do so, the general knowledge and experience of men at once condemn his conduct as careless."

Outside, however, of such excepted portions as may be crossed at grade by a railroad, this requirement has not been applied to travellers in their daily and common use of our highways.

The usual rule of ordinary care does not impose upon them the burden of being constantly on the lookout to see if their path is free from dangerous defects, or in a state of apprehension of personal injury from other travellers. The traveller not only has a right to presume that the way is reasonably fitted for his use, but also that those who may be lawfully using it with himself will exercise a proper degree of care. *McGuinness* v. *Worcester*, 160 Mass. 272, 273, 274, and cases cited. *Kerr* v. *Boston Elevated Railway*, 188 Mass. 434. See *Doyle* v. *West End Street Railway*, 161 Mass. 533, 542.

The defendant's explanation of the accident as the result of the plaintiff's contact with the automobile after it was at rest, which caused her to fall and break her arm, should be examined in connection with all the evidence. This shows that she and her companion were seen by him when at a distance of fifty feet, and he knew that having signalled the car, they were about to cross the street. It is true he also stated that because he

saw them he ran more slowly and came to a full stop, yet the plaintiff in her version of the affair said the machine was moving, and in passing struck and threw her to the ground. From the direct evidence of her companion it could have been found that she was corroborated in this statement, even if on cross-examination this witness was in doubt as to the position of the automobile. When this testimony is supplemented by the alleged admission of the defendant that "he didn't have time to bring it to a stand before he knocked her down," the issue of his negligence, upon conflicting evidence, was for the jury. *Jones* v. *Shattuck*, 175 Mass. 415. *Stinson* v. *Kenny*, 176 Mass. 429. *Block* v. *Worcester*, 186 Mass. 526.

While the rulings requested, therefore, were properly refused, the defendant had the benefit of a specific instruction that if the jury found the automobile was stopped before the collision the plaintiff could not recover, and it is not an error of law if they did not accept his theory.

*Exceptions overruled.*