## RICHARD H. GROGAN *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    January 17, 1907. — February 28, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Negligence.    Street Railway.*

In an action against a street railway company for injuries to the plaintiff and to his buggy from being run into by a car of the defendant as the plaintiff was driving over the tracks of the defendant at a street crossing, there was evidence that it was a wet and stormy day with the wind blowing hard, that the car was going "at a breakneck speed" from twenty to twenty-five miles an hour, that no bell was rung and no gong was sounded. The plaintiff testified that when he turned upon the track he looked and saw no car, and knew positively "the car was not right within close proximity," that he put his head out of the buggy both before he turned to go across the track and after he had turned for the crossing, that he could not say that he looked the moment before his horse stepped on the second track, on which the car was coming, but while he was crossing over he looked through the glass in the top of the buggy, that the glass was wet with rain but did not obstruct his view, that the last time he put his head out his horse and buggy were about in the first track, that he got a view down the track as far as a street which was five hundred and sixty feet distant and saw no car, and that the point from which he looked was about twenty-five feet from the place where he was struck by the car. *Held,* it being conceded that there was evidence of negligence on the part of the motorman, that the question of the plaintiff's due care was one for the jury.

MORTON, J.    One of the defendant's cars came into collision with the buggy in which the plaintiff was driving, as he was crossing the out-bound track at Chilmark Street on Commonwealth Avenue, and threw him out and damaged the buggy. This action is to recover for the personal injuries thus received, and for the damage to the buggy. There was a verdict for the plaintiff and the case is here on the defendant's exceptions. The only question which has been argued by the defendant is whether the jury should have been instructed, as requested, to return a verdict for the defendant. It is not contended that there was not evidence of negligence on the part of the motorman.

The plaintiff testified on direct examination that, as he turned on to the crossing, he "looked down" and "could see the track down as far as St. Mary Street and the houses below St. Mary

Street and there was nothing to be seen," and that he walked his horse leisurely across, turning a little after he had got across one track to avoid a depression in Commonwealth Avenue with water in it. He was asked if he heard any sounding of bell or gong and he answered " No sound of anything." On cross-examination he testified " that when he turned on to the track he looked but didn't see the car; that he knows positively the car was not right within close proximity; . . . that when he looked to see if a car was coming, he had begun to turn on and headed the horse that way; . . . that he put his head out of the buggy both before the time before he turned to go across the track and after the time that he turned to head for the crossing ; . . . that he can't say that he looked the moment before his horse stepped on the second track, the track the car was coming on, but he looked while he was crossing over through the glass in the top of the buggy ; that the glass was wet from the rain but it didn't obstruct the view; that the last time he put his head out his horse and buggy were about in the first track ; that he got a view down to St. Mary Street . . . and could see five hundred and sixty feet; that from the point where he was when he looked out his horse went about twenty-four feet to the place where he was struck ; that when he looked down to St. Mary Street a distance of five hundred and sixty feet he saw St. Mary Street but saw no car." There was testimony tending to show that it was a wet and stormy day with the wind blowing hard, and that the car was going at from twenty to twenty-five miles an hour; — " at a breakneck speed," as one of the witnesses testified. There was also testimony tending affirmatively to show that no bell was rung or gong sounded. The defendant introduced testimony contradictory of and irreconcilable with that introduced by the plaintiff as to the speed with which the car was going, and the ringing of a bell or gong, and the circumstances under which the accident happened, and tending to show that the plaintiff turned almost directly across the track in front of the approaching car, and could or should have seen the car for nearly half a mile. But the question was one, we think, for the jury to pass upon. We do not see how it could have been ruled as matter of law that the plaintiff was not in the exercise of due care. We think that the case was

rightly left to the jury. *Robbins* v. *Springfield Street Railway*, 165 Mass. 30. *Hennessey* v. *Taylor*, 189 Mass. 583.

*Exceptions overruled.*

*E. P. Saltonstall & S. H. E. Freund*, for the defendant.
*J. Bennett*, (*H. Bergson* with him,) for the plaintiff.