ELLEN McDONALD, administratrix, *vs.* ALFRED BOWDITCH.

Suffolk.   January 15, 1909. — March 1, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Negligence,* In use of highway.

A traveller on foot is not negligent as matter of law in starting to cross a street in a heavy rain without looking or listening for an approaching farm wagon fifteen feet away in which a horse is being driven at a gallop.

In an action for personal injuries from being run into by a horse driven in a farm wagon by a servant of the defendant, if there is evidence that at about noon in a heavy rain the plaintiff on foot proceeded to cross a street and while doing so either looked up and saw the horse and wagon about fifteen feet distant, or walked looking straight ahead, and that the defendant's servant was hurrying to get out of the rain and urged his horse to a gallop and that the horse ran against the plaintiff, striking him in the back, the questions of the due care of the plaintiff and of the negligence of the defendant are for the jury.

TORT, by the administratrix of the estate of Patrick J. McDonald, for personal injuries to the plaintiff's intestate from his being run into by a horse driven in a farm wagon by a servant of the defendant on August 12, 1905, at about noon on Call Street near Everett Street in that part of Boston called Jamaica Plain.   Writ dated January 6, 1906.

In the Superior Court the case was tried before *White,* J. The material parts of the evidence are described in the opinion.

At the close of the evidence, the defendant asked the judge to rule that on all the evidence the plaintiff could not recover, and

that there was not sufficient evidence of due care on the part of the deceased and consequently that this action could not be maintained. The judge refused so to rule, and left to the jury the questions of the negligence of the defendant's servant and of the care of the plaintiff's intestate. The jury returned a verdict for the plaintiff in the sum of $2,000; and the defendant alleged exceptions.

*H. E. Bolles & E. N. Jones*, for the defendant.

*J. M. Graham*, for the plaintiff.

BRALEY, J. In their concurrent use of the public way at the time of the accident, the plaintiff's intestate as a pedestrian and the defendant's servant as the driver of the team were each required to exercise reasonable care to avoid injury to the other. But, they having come into collision, the defendant contends that there was no evidence for the jury of the due care of the decedent, who was thrown down and injured, or of the negligence of the driver, for whose acts he is responsible. It was undisputed that he was struck while rightfully using the street, even if he passed diagonally over instead of keeping on and using the crosswalk. The defendant urges that there was evidence which tended to show that the decedent neither looked nor listened for approaching vehicles, and ran into the team, and the driver, who was coming on the westerly side, testified that the decedent looked up, and should have seen the team when it was about fifteen feet distant. At that time he was crossing to the easterly side of the intersecting street, and must either turn back or go forward, and even if he saw and kept on, the jury could say that according to common experience he had no reason to anticipate that he would be run down, but that, having been seen, he could proceed in safety. *McCrohan* v. *Davison*, 187 Mass. 466. In their description of the accident the plaintiff's witnesses substantially said that the decedent walked looking straight ahead, and apparently was run into by the horse striking him in the back. A heavy rain, however, was falling, which might have caused observation as to the use of the street by others on each side of his line of travel, not only to be inconvenient, but indistinct. It was for the jury to decide upon conflicting evidence whether a failure to take further precautions rendered the decedent's conduct careless and contributed to his

injury. *Williams* v. *Grealy*, 112 Mass. 79. It certainly could not have been ruled as matter of law that he was bound to look or listen for the defendant's team, either before or while passing across. *Shapleigh* v. *Wyman*, 134 Mass. 118. *Hennessey* v. *Taylor*, 189 Mass. 583, 585, 586. *McGourty* v. *DeMarco*, 200 Mass. 57. If the jury could find that the rain may have influenced his conduct, they also could find from the testimony that not only, as one of the defendant's witnesses said, "the driver was hurrying to get out of the rain," but for this purpose had urged his horse to a gallop. The driver's evidence makes plain that from the time when he first saw the decedent on the sidewalk about to cross until the collision he knew the decedent was a traveller, and it was a question of fact, with this knowledge of his presence, whether in the exercise of ordinary care he should have galloped his horse or, without slackening the rate of speed, should have taken the chance of passing by without coming into contact with the decedent's person. *Hennessey* v. *Taylor, ubi supra.* The jury evidently accepted the plaintiff's theory of the accident rather than the defendant's, and, no error of law appearing, the verdict must stand.

*Exceptions overruled.*