BARTHOLOMEW DONOVAN *vs.* DANIEL BERNHARD.

Suffolk.    January 12, 1911. — March 2, 1911.

Present: KNOWLTON, C. J., LORING, BRALEY, SHELDON, & RUGG, JJ.

*Negligence,* In use of highway, Due care of plaintiff.

A traveller on foot, who is passing over a crosswalk near the junction of two city streets, where the conditions are not such as to call for unusual care, is not necessarily negligent in failing to look and listen for approaching horses and wagons.

If a traveller on foot, when passing over a crosswalk near the junction of two city streets, sees an electric car approaching at his right hand and there is nothing so near on his left hand as to require him to take precautions against it, and while thus proceeding he is run over by a horse which is being driven rapidly from the left hand side by an inattentive driver, in an action by the traveller against the employer of the driver for the injuries thus caused, the question of the due care of the plaintiff is for the jury.

KNOWLTON, C. J.    This is an action to recover damages for being struck and run over by a horse and wagon, while the plaintiff was passing over a crosswalk on Tremont Street, at a point near its junction with Huntington Avenue in Boston.    The plaintiff's exception is to an order of the presiding judge [*] that a verdict be returned for the defendant.    There was evidence tending to show that the defendant's servant, the driver of the horse, was guilty of negligence.    The jury might have found that the horse was being driven rapidly, and that the driver was inattentive to his duty.

The question principally discussed at the argument was whether there was evidence that the plaintiff was in the exercise of due care.    The law of the case is stated in *Murphy* v. *Armstrong Transfer Co.* 167 Mass. 199, as follows: "It has repeatedly been held that the mere failure of a pedestrian to look and listen for approaching teams, as he passes over a crosswalk at the junction of two streets, is not necessarily such negligence as will prevent recovery if he is run over by a passing team." Some of the cases that state this doctrine are *Schienfeldt* v. *Norris*, 115 Mass. 17, *Carland* v. *Young*, 119 Mass. 150, *Bowser* v. *Wellington*, 126 Mass. 391, *Shapleigh* v. *Wyman*, 134 Mass. 118,

---

[*] *White, J.*

*Dorr* v. *Schenck*, 187 Mass. 542, *Hennessey* v. *Taylor*, 189 Mass. 583, *Robbins* v. *Springfield Street Railway*, 165 Mass. 30, *McDonald* v. *Bowditch*, 201 Mass. 339. Upon the evidence in this case an application of this doctrine entitles the plaintiff to go to the jury. A traveller on a way has a right to presume that those using it will exercise a proper degree of care. While he must use proper care himself, he may trust something to this presumption.

The cases in which it has been held that a plaintiff, who was injured while crossing a street without observing or avoiding an approaching team, showed no evidence of due care, have been for the most part where, from the crowded condition of the streets, or the running of electric cars, or other causes, special care was necessary. Most of them have been actions against street railways, where the risk from an approaching car is ordinarily much greater than that from a horse and carriage. In many of them the plaintiff knew facts or saw objects which put upon him a special duty to take some precaution which he neglected. See *Blackwell* v. *Old Colony Street Railway*, 193 Mass. 222; *Holian* v. *Boston Elevated Railway*, 194 Mass. 74; *Fitzgerald* v. *Boston Elevated Railway*, 194 Mass. 242; *Casey* v. *Boston Elevated Railway*, 197 Mass. 440; *Russo* v. *Charles S. Brown Co.* 198 Mass. 473; *Smith* v. *Boston Elevated Railway*, 202 Mass. 489.

In the present case, while the plaintiff looked out and saw a car approaching in the street at his right hand, there is nothing to show that there was anything on his left of such appearance, or so near him, as to make it negligence, as a matter of law, for him to fail to take precautions against it.

*Exceptions sustained.*

*C. W. Bond*, for the plaintiff.
*R. Spring*, for the defendant.