## TAXI SERVICE CO. v. PHILLIPS.

(Circuit Court of Appeals, First Circuit.   May 19, 1911.)

No. 926.

1. MUNICIPAL CORPORATIONS (§ 706*)—USE OF STREETS—MOTOR VEHICLE ACCI-
DENT—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

In an action for injuries to a pedestrian while crossing a street at a
crossing by being run into by a taxicab, evidence *held* to require submis-
sion of the question of plaintiff's due care to the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. §
706.*]

2. TRIAL (§ 253*)—INSTRUCTIONS.

Where, in an action for injuries to a pedestrian at a street crossing by
being run into by a taxicab, the court charged that whether plaintiff was
negligent was for the jury to determine, and that they should not weigh
the extent of plaintiff's fault, but, if he was at fault at all and his fault
contributed to the result, he could not recover, defendant was not prej-
udiced by a further instruction that if plaintiff while on the sidewalk
looked up and down the street, and, seing nothing of a dangerous char-
acter approaching, walked in the usual quiet manner across the street,
looking as he went for what he could see, but looking incidentally and
turning his head as he walked along, as a man usually does who goes
along in an ordinary walk, then he was not at fault, in that such charge
withdrew the issue of plaintiff's contributory negligence from the jury;
it being construed to refer only to the look and listen rule and a charge
that such rule was inapplicable, and as explaining that, if plaintiff did
the things hypothesized, he would not be at fault as a matter of law.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623;   Dec. Dig.
§ 253.*]

3. TRIAL (§ 296*)—INSTRUCTIONS—CURING ERROR.

Where, in an action for injuries to plaintiff by being struck by a taxi-
cab at a street crossing, the court expressly charged that, if plaintiff was
guilty of any fault which contributed to the accident he could not recover,
such instruction cured an erroneous charge that, if plaintiff in crossing
the street did anything that could have been called a run or if he did
anything beyond the usual walking in the way the court had previously
described in crossing the street. then it would be for the jury to find
whether he was at fault, and whether such fault contributed to the re-
sult.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716;
Dec. Dig. § 296.*]

4. MUNICIPAL CORPORATIONS (§ 706*)—USE OF STREETS—INJURY TO TRAVELERS
—LOOK AND LISTEN RULE.

Under the Massachusetts law, there is no imperative rule that foot
passengers in crossing streets are conclusively presumed to be negligent
if they do not continuously look and listen to ascertain whether motor
cars are approaching;   the question of contributory negligence being for
the jury if it appears that the person injured was walking across the
street in the usual way.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. §
706;* Highways, Cent. Dig. § 473.]

Brown, District Judge, dissenting.

In Error to the Circuit Court of the United States for the District
of Massachusetts.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by James E. Phillips against the Taxi Service Company. Judgment for plaintiff, and defendant brings error. Affirmed.

See, also, 183 Fed. 869.

George L. Mayberry (Warner, Warner & Stackpole, on the brief), for plaintiff in error.

Charles C. Barton, Jr. (Barton & Barton, on the brief), for defendant in error.

Before COLT, Circuit Judge, and ALDRICH and BROWN, District Judges.

ALDRICH, District Judge. A party injured by a taxicab, at a street crossing a little westerly of the junction of Commonwealth avenue and Beacon street, sought to recover damages for injuries sustained. There was a trial by jury; and the questions for consideration here are, first, whether the Circuit Court should have directed a verdict for the defendant; and, second, whether the question of plaintiff's due care was properly submitted to the jury.

[1] We think it quite clear that the court was right in refusing to direct a verdict for the defendant upon all the evidence, and we see no occasion to discuss that proposition.

[2] The assignments of error which relate to the other question present more difficulty. The position of the plaintiff in error is that the presiding judge practically disposed of the question of the plaintiff's due care by saying, with respect to the plaintiff's conduct just before and at the time of the injury, that "if the plaintiff here, when on the sidewalk, looked up and down the street and saw nothing approaching of a dangerous character, and then walked in the usual quiet manner across the street, looking as he went across the street for what he could see, incidentally looking, not stopping to look, but looking incidentally and turning his head as he went along, as a man naturally does who goes along in an ordinary walk, then he was not at fault"; and that the question of fact, therefore, as to the plaintiff's care was not submitted to the jury. The argument in support of this contention has considerable weight; but, on the whole, we view this remark as-having reference to the look and listen rule as inapplicable, and as explanatory of what was in effect a ruling that, if the plaintiff did these things, he was not at fault as a matter of law. Still, if the case were one which upon its merits was at all doubtful, or if it could be seen that there was any possible chance that the result would have been different upon more specific instructions on the line of such care as men of ordinary prudence would exercise in a similar situation, it is not at all certain what our conclusion would be; and, while we in no sense intimate that a fundamental element of a plaintiff's case like that of due care is one to be controlled by the doctrine of harmless error, we are, under the circumstances, disposed not to deal with this particular phase of the instructions upon strict and technical considerations.

It must be observed that the particular instruction, against which complaint is made as not submitting the question of fact to the jury,

was given in connection with the question whether the plaintiff was bound to look again as a matter of law.

As shown by the record, the plaintiff left the steps of the Buckminster Hotel, and, as he approached the sidewalk, saw an in-bound electric car standing on the southerly track, with its rear end just east of the street crossing, and, after looking and discovering nothing more except an out-bound car, on the northerly track, approaching from the east and a safe distance away, undertook to cross in the rear of the standing car; and, as he passed the car and stepped toward the northerly track, he was struck by a rapidly moving west-bound taxicab, which had for the moment appropriated the northerly street car track instead of keeping to that part of the street between the car track and the sidewalk.

The point of the defendant below was that the law required the traveler across the street to look to the east after passing behind the standing car which had obstructed his view, and that in not doing it negligence resulted as a matter of law. The learned judge, while dealing with this phase of the situation, and while explaining to the jury that there was no absolute rule of law, like that which applies to railroad crossings, a place of universally recognized danger, where common prudence requires that travelers on the highway should use the precaution of looking, which applies itself as between automobile highway travelers and pedestrians at highways or street crossings, and therefore that the question of fact was at large, to be determined upon the usual rules governing questions of fact, made the remark of which complaint is made, which, read in connection with what preceded it, must be accepted as meaning, and we think on the whole that the jury must have so understood it, that if after looking at the sidewalk the plaintiff below walked in the ordinary way, turning his head as he went along as a man naturally does who goes along in an ordinary walk, he was not in fault as matter of law simply because he did not stop again and look around the side of the car. It was evidently the purpose of the learned judge to say that he would not be at fault as a matter of law. Indeed, it would seem quite clear that the purpose was to state that there was no rule of law which operated upon the situation, because it was further explained by such expressions as, "if the plaintiff while on the sidewalk looked, and then walked in the usual manner across the street, looking as he went, and then in an ordinary walk crossed to take the car," he was not at fault simply because he failed to stop again and look around. We think it reasonable to accept this, not as an instruction upon the question of care, but as a statement and an illustration to the jury that the question of the plaintiff's care was not controlled against him by a rule of law which would of itself put him in fault.

[3] We must not be unmindful that it is urged there was error in saying that, if he did anything that could be called a run, or if he did anything "beyond the usual walking in the way I have described to you, then, according to the decisions of your Supreme Court, it would be for you to find whether or not he was in fault, and whether or not his fault contributed to the result." We think this involved error, be-

cause, if left upon that statement pure and simple, there would be no question of fact for the jury as to his fault unless he ran or hastened beyond the usual walk; but, like the other, this was said in connection with that part of the charge which sought to relieve the question of the plaintiff's due care or contributory negligence from the operation of any rule of law that crossing behind a standing car without looking constituted fault, as between a pedestrian crossing a street and an approaching automobile or taxicab.

It was in another connection that the question of fact as to the plaintiff's care was submitted to the jury. The charge was plainly constructed upon the theory that the plaintiff could not recover if he was at fault, and, whether there was or was not a rule of law which requires a pedestrian at a street crossing to stop and look for dangers, that, as the injured party in this case did look, the simple failure to look again would not put him at fault as a matter of law. According to the opinion of the Circuit Court on the motion for new trial, the learned judge said to the jury at the outset: "This case is mainly for you, gentlemen. I could not dispose of it." Upon the plaintiff's due care as a question of fact the jury were instructed in another connection as follows:

"So, gentlemen, you must consider whether the plaintiff was in fault. You are not to weigh the extent of his fault, but if he was in fault, and his fault contributed to the result, no matter how great or small the fault, he cannot recover. He must have been in fault, and the fault must have contributed to the result."

In another connection:

"If you find the plaintiff was in fault, that is the end of the case. You will then find a verdict for the defendant. But, if you find the defendant was in fault, and do not find the plaintiff was in fault, you will then come and take up the value of damages."

If it appeared that the whole charge was before us, it would have to be admitted that the instructions as to what constitutes fault, and the lines upon which fault or no fault is to be found, including the rules which govern the jury in respect to the determination of the fact of due care or want of due care, were not as specific as are ordinarily given, but apparently the charge is not fully reported in the record, and there was no exception upon the particular ground that the instructions were not sufficiently explicit; the point taken being that the question of fact was not submitted at all. The colloquy in which counsel for the plaintiff said, "Your honor stated it as if the court had held that that was due care," and in which the court said: "The court did not rule as a strict matter of law, but as a matter as to which the court was bound to guide the jury on a question of fact, and as to which the jury are bound to follow the court," had reference to what was said in that part of the charge which dealt with the question whether the plaintiff's fault resulted as a matter of law, and was a colloquy not in the presence of the jury.

[4] Under the Massachusetts decisions, it is plain that there is no imperative rule of law under which it must be conclusively presumed that foot travelers in crossing streets are negligent if not continuously

187 F.—47

looking or listening to ascertain if auto cars are approaching (Hennessey v. Taylor, 189 Mass. 583, 76 N. E. 224, 3 L. R. A. [N. S.] 345), and, if an injured party is walking in the usual way, the question is one of fact for the jury, whether he was in the exercise of due care. Murphy v. Armstrong Company, 167 Mass. 199, 45 N. E. 93.

From a careful consideration of so much of the charge as is before us, it seems clear that the learned judge intended to submit to the jury the question of the plaintiff's due care in conformity with these decisions.

The point raised by the plaintiff in error whether the question of the injured party's due care was properly submitted to the jury is not altogether free from doubt; but, on the whole, the conclusion is that such inadvertent error as there was, was cured by the general instructions as to the fundamental necessity of its being made to appear that the plaintiff was without fault; and, as there was no specific request for more explicit instructions, and no exception upon the ground that the instructions were too general, we think the verdict should be sustained. That part of the instructions which seems to have made the question whether the plaintiff's due care was a question of fact for the jury depend upon whether the plaintiff ran or hastened beyond the usual walking was on the whole, we think, cured by the various references to the question of contributory negligence and the general instructions embodied in the different reiterations of the statement that the plaintiff could not recover if at fault.

In view of such instructions, in respect to fault, under which the question of fault was submitted to the jury, and in view of the fact that the court plainly told the jury that the plaintiff was not at fault under any rule of law, the jury must have understood that they were instructed that he could not recover if in fault in fact, and that that question of fact was submitted to them.

The judgment of the Circuit Court is affirmed, with costs.

BROWN, District Judge. While I agree that the Circuit Court did not err in the refusal to direct a verdict for the defendant, I am of the opinion that the submission to the jury of the question whether the plaintiff was in fault was so modified by previous remarks of the learned judge to the effect that, under the facts testified to by the plaintiff, he was not at fault, as to constitute error. This error was doubtless inadvertent; and, upon the whole record, I have an impression that it did not affect the verdict. Nevertheless, under the strict rule which requires a reversal for error unless it plainly appears that the error could not have affected the result, I feel obliged to dissent from the judgment of the majority of the court.