[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
In this case the plaintiff, a distributor of Texaco gasoline, entered into an agreement with the defendant to purchase Texaco gasoline. The complaint describes the defendant as a "petroleum products retail business" but I believe from reading the complaint that that means it was a gas station. The plaintiff claims that the defendant bought non-Texaco gasoline and mixed it with Texaco gasoline and sold it as Texaco gasoline. The plaintiff has filed a nine count complaint and this motion to strike is directed against the CT Page 1771-A Eighth and the Ninth Count.
The Eighth Count is entitled "statutory trademark infringement" and the Ninth Count is entitled "common law trademark infringement."
In paragraph 19 of both counts the actions of the defendant in allegedly mixing another gas with Texaco and then selling it from Texaco fuel pumps without Texaco's permission are set out. Both paragraphs claim this practice was likely "to cause confusion, mistake and to deceive." The Eighth Count alleges this was all done in violation of 15 U.S.C. § 1114. The Ninth Count claims a violation of the "State of Connecticut common law of trademarks."
Each of the counts then has a paragraph 20 which states that the defendant's actions "caused irreparable injury to Texaco, Inc., and the plaintiff "by damaging their business reputations and diluting the distinctive quality of the Texaco trademark."
The defendant moves to strike these counts on related CT Page 1771-B grounds.
As to the Eighth Count under 15 U.S.C. § 1114 the defendant claims that only the owner of a trademark may sue for its infringement since the statute says that one who infringes "shall be liable in a civil action by the registrant." But15 U.S.C. § 1051 provides that only the owner of a trademark may register it. Thus a distributor who is not the owner has no standing to bring an action under 15 U.S.C. § 1114, DEP Corporationv. Interstate Cigar Co., 622 F.2d 621 (CA 2, 1980). The defendant notes that the complaint itself in paragraph 19 of the Eighth Count notes that the alleged infringement was done without the permission of Texaco" and the complaint nowhere alleges the plaintiff is the owner of the trademark.
As to the Ninth Count the defendant quotes the language of Hanover Star Milling Co. v. Metcalf, 240 U.S. 403, 413
(1916): "Common law trademarks, and the right to their exclusive use, are, of course, to be classed among property rights . . ." Thus, according to the plaintiff a cause of action for common law trademark infringement lies with the CT Page 1771-C owner of the trademark. The complaint does not allege the plaintiff distributor is the owner of the trademark but indicates Texaco is the owner.
1.
The owner of a trademark must register it under15 U.S.C. § 1051 but 15 U.S.C. § 1114 which creates the right of action under this so-called Lanham Act gives the cause of action to the "registrant." Under 15 U.S.C. § 1127 a "registrant" can be the legal representative predecessor successor or assignee of a registrant, see DEP Corporation v. Interstate Cigar Co., Inc.,622 F.2d at p. 623. But if we look to 15 U.S.C. § 1060 when the Lanham Act talks of assignment it seems to be talking in terms of an assignment of title. In International Society v.Stadium Authority, 479 F. Sup. 792 (E.D. Pa., 1979), the court said: "Assignment of trademark rights is carefully circumscribed by statute, complete with writing and recording requirements 15 U.S.C. § 1060 . . . the courts have given a restrictive interpretation to "registrant" — it certainly does not mean a non-exclusive licensor and may not even include an CT Page 1771-D exclusive licensor," id. at page 797. The only allegation the plaintiff makes that might arguably provide it with a complaint under the Lanham Act is paragraph 15 of Count Eight:
 "15. Since on or about 1938 and continuing until the present time the plaintiff has distributed Texaco products pursuant to a distribution agreement with Texaco, Inc., which requires the plaintiff to protect Texaco's trademark rights from infringement."
There is nothing in this language that indicates the plaintiff could be a "registrant" under 15 U.S.C. § 1127 — it does not appear to be an assignee and even if "legal representative" is given a broad reading the language of paragraph 15 does not appoint the plaintiff to act as Texaco's representative in bringing trademark infringement actions in Texaco's behalf.
Furthermore even if the court is too restrictive in its interpretation of assignment for Lanham Act purposes there is CT Page 1771-E no doubt that any assignee to qualify as a "registrant" for15 U.S.C. § 1114 purposes must comply with 15 U.S.C. § 1060 recording requirements. This section of the act was amended in 1962 long after the 1938 agreement referred to in this complaint and the amendment required the recording of the trademark assignment to take place in the Patent Office not with the Commissioner of Patents.
Certainly a plaintiff's complaint must be read in a way most favorable to sustaining the legal sufficiency of a pleading Bouchard v. People's Bank, 219 Conn. 465, 471 (1991).
But particularly where technical statutory remedies are asserted the court can't infer necessary factual allegations which are explicitly required to assert the statutory action.
2.
There is a common law action for trademark infringement but only one Connecticut case seems to have discussed this action, Hygeia Distilled Water Co. v Hygeia Ice Co., 70 Conn. 516
(1898). The Ninth Count claims the mixture of non-Texaco CT Page 1771-F fuel with Texaco fuel "was likely to cause confusion, mistake and to deceive, all in violation of State of Connecticut common law of trademarks." Hygeia was an action brought by the actual owner of the trademark. Here the plaintiff seems to claim a right to bring the common law action because it has distributorship rights of a product owned by another company that of course owns its own trademark. The plaintiff asserts that the right to distribute this product somehow gives it a proprietary interest in the trademark or a right to sue for an infringement of the trademark.
At common law there aren't any rights in the trademark alone and rights can't be transferred apart form the product or business with which the trademark has been associated, Kiddv. Johnson, 100 U.S. 617, 620 (1879), Covell v. Chadwick,26 N.E. 856 (Mass., 1891). The complaint's allegations indicate this is merely a distributorship agreement between Texaco and the plaintiff. There is no claim that Texaco meant to transfer its trademark and business to one of its distributors. Texaco did not give the plaintiff the right to the exclusive use of its product name, Hanover Star Milling v. Metcalf, supra, nor CT Page 1771-G even the right to distribute its product exclusively in a particular area. None of the allegations of the complaint would support such inferences.
It is difficult to understand how the plaintiff at common law can bring an action for trademark or trade name infringement when it does not allege it owns the trademark or even allege it has an exclusive right to distribute the product.
The motion to strike is granted as to both the Eighth and Ninth Counts.